Del Río *v.* Sastre et al.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 3.—Resuelto en Junio 22, 1905.

Contratos simulados.—Se considerarán simulados, desde luego, los contratos sobre enagenación de bienes, otorgados por personas que, en la época de la enagenación, tuvieren contraídas obligaciones no hipotecarias, si verificados aquellos contratos el notario autorizante de los mismos no da fé en la escritura de haberse entregado el precio á su presencia, ó no depositaren, los vendedores, en efectivo, el valor de sus obligaciones, ó no retuvieren bienes bastantes para atender al cumplimiento de las mismas.

Id.—Inscripción de la finca enagenada simuladamente.—Cancelación.—La circunstancia de que una finca vendida simuladamente se hubiera inscrito en el Registro á favor del comprador, no es obstáculo para declarar la nulidad del contrato que originó tal inscripción, pues ésta no convalida los actos y contratos que sean nulos, con arreglo á derecho, y en su virtud, lo procedente en ese caso es decretar la cancelación de la referida inscripción.

Id.—Responsabilidad del comprador.—Decretada la nulidad de una venta simulada, vuelve la finca vendida á poder del vendedor, quien está obligado á pagar á sus acreedores el importe de sus deudas, cesando desde ese momento la responsabilidad del comprador para con los referidos acreedores.

Id.—Obligaciones.—Mora.—Indemnización.—Cuando el cumplimiento de una obligación consista en el pago de una cantidad de dinero, y el deudor incurre en mora, la indemnización de los daños y perjuicios, á falta de pacto en contrario, consistirá, en el pago del interés legal, si otro tipo no se hubiere estipulado.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Bosch.*
Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Seguido pleito ante el Tribunal de Distrito de Arecibo por Don Alonso del Río y Díaz, contra Don Juan Maldonado y Rivera y Don Saturnino Sastre Suárez, sobre cobro de pesos y simulación de contrato, aquella Corte dictó sentencia que, copiada á la letra, dice así:

"*Sentencia.*—No. 35.—En Arecibo, á diez y nueve de octubre de mil novecientos tres.—*Visto* ante esta Corte de Distrito en juicio oral y público el pleito declarativo de mayor cuantía sobre nulidad de escritura, seguido por el Licenciado Don Félix Santoni Rodríguez, á voz y nombre de Don Alonso del Río y Díaz, mayor de edad, propietario y vecino de Morovis, contra don Saturnino Sastre Suárez, dirigido por el Letrado Don Ramón Nadal Santa Coloma, y Don Juan Maldonado Rivera, en rebeldía; y 1o. *Resultando:* que en fecha doce de julio último, el abogado don Félix Santoni, á voz y nombre de Don Alonso del Río y Díaz, presentó ante esta Corte de Distrito demanda en juicio declarativo contra Don Juan Maldonado Rivera y Don Saturnino Sastre Suárez, alegando que: el demandado Maldonado adeudaba á Don Alonso del Río la suma de seiscientos setenta y cuatro dollars vencidos desde el 31 de diciembre de 1901, desde cuya fecha se obligó á pagar el deudor el uno y cuarto por ciento de interés mensual, reconociendo, por tanto, como eficaz y valedero el documento privado que suscribió á su ruego Don Jaime Suro, ante los testigos Don Eduardo Cacho y Don Liborio Córdova, todo lo cual resultaba del acta notarial que acompañaba: que el deudor Maldonado Rivera, para burlar los intereses del acreedor del Río, se puso de acuerdo con su yerno Saturnino Sastre, y simularon entre ambos una escritura de venta de todas la fincas rústicas de Maldonado Rivera, aglomeradas en una sola, por el precio de mil ochocientos dollars, que confesó el vendedor Maldonado Rivera haber recibido antes de la venta, no dando, por consiguiente el Notario, fe de la entrega del precio y no reservando el deudor bienes bastantes para pagar la deuda que tiene contraída con el Sr. del Río, y no habiendo depositado dinero en efectivo en parte alguna para responder de dicha deuda; y que el demandado Don Juan Maldonado Rivera no ha recibido ni podido recibir de su yerno Sastre, cuya situación económica ha sido siempre muy lastimosa y precaria, los mil ochocientos dollars, pre-

cio porque adquirió la finca no teniendo otro objeto el contrato que el de burlar el crédito de Don Alonso del Río; y suplicó que se declarase por el Tribunal, previos los trámites legales, la simulación del contrato de compra-venta celebrado por el Maldonado con su yerno Sastre en escritura pública otorgada en Manatí el diez y seis de agosto de 1901; que el demandado Maldonado venía obligado al pago de los seiscientos setenta y cuatro dollars, con sus intereses correspondientes; y que el demandado Sastre es responsable de lo adeudado hasta donde alcance el valor de los bienes objeto del referido contrato, y si á ello no hubiere lugar, como consecuencia de la simulación, estimar nulo el contrato y mandar cancelar su inscripción en el Registro de la Propiedad, con las costas. —2o. *Resultando*: que como fundamentos de derecho, citó las prescripciones del Código Civil relativas á que las obligaciones deben cumplirse á tenor de lo estipulado en ellas, á su exigibilidad y la Orden Judicial de 20 de enero de 1899, acerca de los contratos que deben entenderse simulados, y la Orden General No. 118 de 1899 referente á la competencia del Tribunal.—3o. *Resultando*: que conferido traslado de la demanda á los demandados, lo evacuó solamente Don Saturnino Sastre con la dirección del Letrado Don Ramón Nadal Santa-Coloma, alegando como hechos: que en 16 de agosto de 1901, Don Juan Maldonado vende á su defendido la finca objeto de la escritura que se quiere anular; en 30 de diciembre del mismo año, Don Alonso del Río, que, según él dice ,era acreedor de Maldonado desde el año 1900, en vez de entablar la demanda que hoy contestan y pedir entonces la nulidad que hoy pretende, demanda exclusivamente á Maldonado sin acordarse para nada de Sastre, ni de la escritura en cuestión; Maldonado niega en absoluto que deba á Don Alonso; suspéndense las diligencias preparatorias, abandónanse por completo; en 16 de junio de 1903 el Sr. del Río desiste de dichas diligencias, y por acta de 28 del mismo mes y año de 1902, Don Juan Maldonado reconoce la deuda y documento que había negado ante la Corte de Distrito año y medio antes; y que, por último, aparece Don Alonso con su acta notarial demandando á Maldonado y á su representado. Que Sastre no interviene en nada de las diligencias preparatorias mencionadas; que no tiene relaciones ningunas con Don Alonso del Río, no interviene en el acta que se acompaña á la demanda; compra la finca con el sudor de su frente; que desde la fecha de la compra vive y disfruta dicha finca y nadie le ha molestado en su posesión, y que, á pesar de ésto, se encuentra hoy demandado y acusado su defendido de haber

verificado un contrato simulado. Que Maldonado después de haberle negado al Sr. del Río la cuenta que le reclamara, comparece voluntariamente ante Notario y reconoce la misma deuda que antes había negado, de lo que era lógico suponer que, ó á Maldonado le remordió la conciencia, ó se ha puesto de acuerdo con Don Alonso para arrebatarle la finca que le comprara su defendido al Sr. Maldonado. Que su defendido paga las contribuciones de la finca desde la fecha en que la compró, y que la finca fué tasada el año mil novecientos dos en dos mil novecientos pesos, ó lo que es igual, á mil cien dollars, más que la cantidad en que la compró; Que Don Juan Maldonado, á principios de este año, tenía más bienes que la finca vendida á su representado, entre ellos, una casa en el pueblo de Morovis, una tienda de comestibles y ganado vacuno: de modo que aún admitiendo que la deuda fuera cierta, Maldonado tenía bienes con que responder, y por tanto su defendido no tiene la culpa de que Don Alonso no pueda cobrar en la actualidad; y suplicó se declarara sin lugar la demanda con las costas al demandante. —4o. *Resultando*: que como prescripciones de derecho citó los artículos del Código Civil antiguo, relativos á la fuerza de los documentos públicos ó los requisitos de la confesión en juicio para su validez, exigibilidad de las obligaciones que nacen de los contratos, su prueba é interpretación.—5o. *Resultando*: que no habiendo contestado la demanda el demandado Don Juan Maldonado Rivera, fué declarado á instancia del actor, en rebeldía, y celebrada la comparecencia de proposición de pruebas, el demandante propuso y se practicó ,quedando unido á los autos el documento privado base de la demanda, otorgado en Morovis en enero de 1901, por Don Juan Maldonado Rivera á favor de Don Alonso del Río, por la suma de seiscientos setenta y cuatro pesos al uno y cuarto por ciento mensual, obligándose á que si mientras estuviera vigente la deuda, vendía su finca agrícola del barrio de Montes llanos, del producto de la venta pagaría la deuda, firmando á su ruego, de Maldonado, por no saber éste, el vecino Don Jaime Suro, y los testigos Don Carmelo Berríos ,Don Eduardo Cacho y el Doctor Don Liborio Córdova: confesión en juicio de Maldonado y Sastre: certificaciones creditivas de que Maldonado no paga contribución al Tesoro ni de ningún género, y además prueba testifical; y el demandado Sastre propuso y se practicó documental consistente en la escritura de compra venta de Maldonado á Sastre; las diligencias preparatorias de ejecución contra Maldonado y practicadas ante esta misma Corte de Distrito á instancia de Don Alonso del Río; y con-

fesión de Don Alonso del Río y Don Juan Maldonado; testifical, y por último, certificación de la Tesorería relativa á las contribuciones que paga Sastre.—6o. *Resultando*: que celebrado el juicio oral, concurrieron los Letrados representantes del demandante Don Alonso del Río y del demandado D. Saturnino Sastre, compareciendo para absolver posiciones Don Juan Maldonado Rivera, Don Alonso del Río y D. Saturnino Sastre, y después declararon como testigos del demandante D. Heriberto Ocasio, D. Carmelo Berríos, D. Liborio Córdova, D. Félix R. Muñiz, D. Juan Maldonado Fernández, D. Julián de Jesús y D. Gabriel Roig; y los testigos del demandado, D. Juan Laureano, D. José Barquero, D. Eugenio Lucio y D. Juan Sillar, informando después los Letrados en apoyo de sus respectivos escritos de demanda y contestación; y votándose luego esta sentencia por unanimidad de los Sres. Jueces.—7o. *Resultando*: que se han observado las formalidades legales.—Siendo Ponente el Sr. Presidente del Tribunal Don Felipe Cuchí y Arnau.— 1o. *Considerando*: que, según la regla 2a. de la Orden Judicial de 20 de marzo de 1899, se estimarán simulados los contratos sobre traslación de dominio de bienes otorgados después de abolido el impuesto de derechos reales, por personas que al otorgarlos tuvieron contraídos débitos no hipotecarios, si verificados aquéllos contratos el Notario autorizante no da fé en la escritura de haberse entregado el precio á su presencia, ó no depositaren en efectivo el valos de sus obligaciones, ó no retuvieren en su poder bienes bastantes para satisfacerlas.—2o. *Considerando*: que en la escritura de venta otorgada por el deudor Don Juan Maldonado Rivera á favor de su yerno Don Saturnino Sastre, en diez y seis de agosto de 1901, no da fe el Notario autorizante de haber sido entregado el precio en su presencia, y seis meses antes de la fecha de esa escritura, ó sea en el mes de enero del mismo año 1901, aparece el propio deudor D. Juan Maldonado Rivera en un documento privado que él mismo reconoció ante el Tribunal, así como dos de los tres testigos en presencia de los cuales se otorgó, adeudando á Don Alonso del Río seiscientos setenta y cuatro dollars con sus intereses al uno y cuarto por ciento mensual.—3o. *Considerando*: que no habiendo retenido bienes en su poder el deudor Maldonado cuando otorgó la escritura de venta de su finca á su yerno, ni habiendo depositado en parte alguna el producto de la venta para pagar su deuda á Don Alonso del Río, á pesar de estar comprometido á ello, según su propia manifestación, en el documento privado que extendió en enero de 1901, es claro que la escritura otorgada á favor de su yerno es

simulada y debe declararse por este Tribunal nula, á tenor de la Orden Judicial citada en el primer Considerando.—4o. *Considerando*: que nada arguye á favor del tenedor actual de la finca vendida, Don Saturnino Sastre, el hecho de estar inscrita la venta en el Registro de la Propiedad porque, según el art. 33 de la Ley Hipotecaria, la inscripción no convalida los actos ó contratos nulos, con arreglo á las leyes, y lo que procede es mandar cancelar la inscripción hecha por ser simulado el contrato que la originó.—5o. *Considerando*: que al anularse la venta simulada otorgada por el deudor don Juan Maldonado Rivera á favor de su yerno D. Saturnino Sastre, vuelve la expresada finca á poder de su verdadero dueño Maldonado, quien está en la obligación de pagar á su acreedor Don Alonso del Río el importe del pagaré que le otorgó en enero de 1901, con los intereses estipulados, cesando desde el momento en que la finca vuelva á poder de Maldonado, la responsabilidad de Sastre para con el del Río.—6o. *Considerando*: que, según el art. 1075 del Código Civil, cuando la obligación consiste en el pago de una cantidad de dinero y el deudor incurre en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos y á falta de convenio en el interés legal y en el documento privado, base de este pleito, el deudor se obligó á pagar el interés del uno y cuarto por ciento mensual por el tiempo de prórroga pactado expresamente: "No excediendo ésta, (ó sea la prórroga del mes de noviembre del presente año"), de lo que aparece que para el caso de mora no habían intereses convenidos, sino que por el contrario, existía un pacto claro de pagar el uno y cuarto por ciento sólo hasta el mes de noviembre, por cuya razón debe el deudor satisfacer desde el mes de diciembre de 1901, en adelante, el interés legal del seis por ciento anual.—7o. *Considerando*: que por estas razones debe fallarse el pleito sin especial condenación de costas, máxime cuando el deudor Maldonado no ha comparecido á oponerse dentro del procedimiento.—*Vistas* las Ordenes Judiciales de 20 de marzo y 15 de agosto de 1899 y el art. 371 de la Ley de Enjuiciamiento Civil.—*Fallamos*: que debemos declarar y declaramos nulo, por simulado, el contrato de compra-venta otorgado por Don Juan Maldonado Rivera á Don Saturnino Sastre en escritura pública pasada ante el Notario de Manatí D. Francisco Prado Morales, el 16 de agosto de 1901; y condenamos á D. Juan Maldonado Rivera á pagar á D. Alonso del Río los seiscientos setenta y cuatro dollars que le adeuda, con más los intereses al uno y cuarto por ciento

mensual, á partir del primero de Febrero de 1901, hasta el 30 de noviembre del mismo año; y al seis por ciento anual desde dicho día hasta su completo pago; y cancélese en el Registro de la Propiedad del Distrito la inscripción del contrato anulado, librándose para ello los oportunos mandamientos al señor Registrador, todo sin especial condenación de costas.—Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.— Felipe Cuchí.—Carlos Franco Soto.—Otto Schoenrich.''

Contra esta sentencia interpuso recurso de apelación la representación de Don Saturnino Sastre Suárez, cuyo recurso, tramitado debidamente, pende hoy de decisión ante esta Corte Suprema.

Aceptamos los hechos que en forma de *Resultandos* se consignan en la sentencia recurrida, debiendo añadir que, con las pruebas practicadas en el juicio, se ha justificado cumplidamente que en 16 de agosto de 1901, en que Don Juan Maldonado Rivera otorgó á favor de su yerno Don Saturnino Sastre Suárez, la escritura de venta de una finca rústica, con cabida de 89 cuerdas, por precio de mil ochocientos dollars, que el vendedor confesó haber recibido del comprador, antes del acto de la venta, Don Juan Maldonado adeudaba á Don Alonso del Río Díaz la suma de 674 dollars, según pagaré extendido en enero de dicho año, sobre cuya legitimidad no cabe duda alguna, pues ha sido reconocido por el mismo deudor y por dos de los testigos que lo firman, sin que desvirtúe su eficacia la circunstancia de haber negado antes Maldonado, ante la autoridad judicial, en 30 de diciembre de 1901, la existencia de semejante deuda.

Mediante la venta de la expresada finca, se quedó Maldonado sin bienes bastantes para cubrir la deuda de Don Alonso del Río, según también se ha probado en el juicio.

No se ha traído al juicio prueba de la procedencia de los 1,800 dollars que se fijó como precio del contrato, pues aunque Sastre alegó al contestar la demanda, que no

solamente llegó á reunir lo necesario para la compra de la finca, sino que además era acreedor de Maldonado, por deudas que por él había satisfecho, y por muchos sueldos que le adeudaba como Mayordomo que fué suyo, esas alegaciones aparecen desnudas de justificación, máxime si se tiene en cuenta que por escritura de 24 de agosto de 1901, otorgada ocho días después de la de venta, confesó Maldonado deber á Sastre la cantidad de mil dollars, por arreglo amistoso de cuentas que ambos habían tenido, de cuya cantidad, por tanto, debe prescindirse al estudiar la procedencia del precio de la venta.

Muy importantes son las declaraciones prestadas en el juicio oral por los testigos Heriberto Ocasio, Don Félix R. Muñiz, Don Juan Maldonado Fernández y Don Gabriel Roig, de los cuales, el primero, dice que un día estuvo Sastre en su casa y le dijo que iba para Arecibo á recibir una escritura que había de pasarle su suegro Maldonado, para evitar que le perjudicara Don Alonso del Río, pero que la finca que iba á recibir, la reconocería siempre como de Maldonado; el segundo, que Sastre le manifestó que estaba asegurado como hijo político de Maldonado, por lo que pudiera ocurrirle luego; el tercero, que Sastre fué con una máquina á su casa, y le expresó que su suegro le iba á pasar su finca para evitar que le estafara Don Alonso del Río, pero que siempre reconocería esa finca como de su suegro; y el cuarto, que Sastre le refirió que iba á recibir de Maldonado la escritura de la finca, y que siempre reconocería ésta como de Maldonado, á pesar de estar á su nombre.

Ante el resultado de las pruebas practicadas, no vacilamos en calificar de simulado el contrato de compraventa celebrado por Don Juan Maldonado Rivera y su yerno Don Saturnino Sastre Suárez, pues las manifestaciones extrajudicialmente hechas por Sastre así lo convencen, y lo corrobora la falta de pruebas de que Sastre

tuviera recursos para comprar la finca vendida, siendo en su consecuencia nulo, por falta de causa ó de prestación del precio, con arreglo á los artículos 1261, 1274 y 1275 del Código Civil antiguo, que son los 1228, 1241 y 1242 del reformado.

Estamos conformes con las consideraciones de derecho expuestas por el Tribunal sentenciador; y para no extendernos más, nos referimos á la sentencia que dictó esta Corte Suprema en 23 de mayo del año próximo pasado, en juicio sobre cobro de pesos, nulidad de contratos, de escrituras y de inscripciones.

Procede, pues, se confirme la sentencia apelada, con las costas del recurso á cargo del apelante Don Saturnino Sastre Suárez.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras y MacLeary.

El Juez Asociado Sr. Wolf, ni intervino en la resolución de este caso.