CORREA, DEMANDANTE Y APELANTE, *v.* CORREA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre desahucio en precario.

No. 3047.—Resuelto en julio 18, 1923.

REIVINDICACIÓN—DESAHUCIO—*Ejectment—Unlawful Detainer.*—En la opinión se definen y distinguen las acciones de reivindicación y desahucio.

DESAHUCIO—CUESTIONES DE PROPIEDAD.—Cuestiones de propiedad no son propias para ser decididas en un pleito de desahucio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. A. Fiol Negrón*

Abogados del apelado: *Sres. R. Martínez Nadal, Tormes* y *Colón.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se ejercita en este caso la acción de desahucio en precario.

La demandante alegó en su demanda enmendada, que era dueña de cierto solar que el demandado ocupaba precariamente, sin derecho alguno, sin pagar canon o merced y contra la voluntad de la demandante, y solicitó que se dictara sentencia condenando "al demandado a desalojar y dejar libres y expeditos a la disposición de la demandante los solares que ocupa propiedad de dicha demandante en la finca descrita en el hecho segundo de esta demanda, y si así no lo hiciere dentro del término de ley, que se ordene al Márshal de esta corte que proceda al lanzamiento del demandado con las casas que posee de la finca ya descrita."

El demandado negó las alegaciones de la demanda y a su vez alegó que las casas que ocupaba en arrendamiento pertenecían al Pueblo de Puerto Rico y que si resultare que dichas casas estaban situadas en el solar que la demandada alegaba que le pertenecía, no era a él sino al Pueblo a quien debía demandar la demandante.

Celebradas las comparecencias que ordena la ley, el juez resolvió el pleito en contra de la demandante y ésta interpuso el presente recurso de apelación.

La prueba de la demandante consistió en una escritura de la cual aparece que es dueña de un solar de las dimensiones y colindancias del descrito en la demanda, en la declaración de la propia demandante y en la del testigo Esteban Pérez. La demandante y su testigo sostienen, en resumen, que en el solar de la demandante el demandado tiene tres casas y que el demandado ocupa el solar y las casas contra la voluntad de la demandante y se ha negado a levantar las dichas casas del solar.

La prueba del demandado consistió en un contrato por

virtud del cual El Pueblo de Puerto Rico le arrendó entre otras propiedades las tres casas de referencia por término de cinco años, en cuyo contrato se expresa que el Pueblo es dueño de las casas; en la declaración del propio demandado que confirma el contrato, y en la demanda original en la cual la misma parte demandante alegó que las casas pertenecían al Pueblo.

Siendo esas las alegaciones y las pruebas, no creemos que exista motivo justificado para revocar la sentencia apelada. Basándose en la evidencia del demandado, la corte pudo concluir que las casas pertenecían al Pueblo y que solicitándose en la demanda no ya que el demandado dejara personalmente a la libre disposición de la demandante el solar sino que levantara,—y si él no lo hacía que lo hiciera el Márshal,—las casas de que se trata, la verdadera parte interesada era el Pueblo, y no habiéndose obtenido su consentimiento, el juicio no podía seguir adelante, de acuerdo con los principios bien establecidos por la ley y la jurisprudencia.

Insiste el apelante en su alegato en que aún aceptando la propiedad de las casas a favor del Pueblo de Puerto Rico su derecho es claro y cita en apoyo de su contención los siguientes pasajes de *"Corpus Juris"*:

"Excepto en aquellos casos comprendidos en alguna de las excepciones a la regla general de que la reivindicación (*ejectment*) sólo procede contra un demandado que está en posesión, la acción debe establecerse contra la persona que tiene la posesión material del terreno. De modo que la acción no puede dirigirse solamente contra el verdadero dueño cuando la finca está en posesión de un arrendatario, sino que debe establecerse contra el arrendatario que está en posesión." 19 C. J. 1073.

"Dentro del derecho común, y donde no existe un estatuto que altere la regla, la acción reivindicatoria (*ejectment*) sólo puede establecerse contra la persona que tiene la posesión material del terreno, y ninguna otra persona es parte demandada necesaria o adecuada." 10 C. J. 1093-4.

Sin detenernos a considerar la importancia de las citas, bastará decir que se refieren a casos de reivindicación, no de desahucio. En la edición inglesa de la ley de desahucio, la acción se designa propiamente *unlawful detainer.* Las acciones de *ejectment* y *unlawful detainer,* son distintas.

Dice *Corpus Juris,* refiriéndose a *ejectment:*

"La reivindicación (*ejectment*) ha sido definida como 'una acción par recobrar la posesión inmediata de bienes inmuebles;' 'una acción posesoria;' 'una acción para determinar el derecho de posesión del terreno en controversia;' 'un remedio para quien no estando en posesión alega tener un título superior.' También ha sido definida como 'una acción posesoria *ex delicto,* fundadada en una invasión, real o presunta, cometida por el demandado al entrar ilegalmente en posesión de la finca del demandante.'" 19 C. J. 1028.

Y tratando de *unlawful detainer,* dice Cyc.:

"La acción de desahucio, (*unlawful detainer*), se basa en la injustificada retención de la posesión de bienes raíces por aquel cuya toma de posesión ha sido legal y justa pero cuyo derecho a la posesión ha terminado y se niega a desalojar, como en el caso de un arrendatario que continúa detentando la propiedad después de terminado el arrendamiento y a pesar del requerimiento del arrendador para que se le ponga en posesión." 39 Cyc. 835.

En los casos de *Buettinger* v. *Hurley,* 9 Pac. 197, 198, la Corte Suprema de Kansas, se expresó así:

"Ni son las acciones de desahucio (*unlawful detainer*) y de reivindicación (*ejectment*) una misma, o acciones de igual clase, en su esencia o en su forma. La primera se establece por una persona que reclama sólo la posesión de la propiedad inmueble y que funda su derecho a recobrar dicha posesión solamente en una posesión anterior, material o presunta, por parte suya o de su causante, y contra quien no puede o está incapacitado para presentar derecho alguno de posesión en oposición al demandante, y ninguna cuestión de título o de propiedad puede ser ventilada en el caso; mientras que la segunda es una acción para recobrar el derecho de propiedad, en ley o en equidad, sobre un bien inmueble, con el

título al mismo y el derecho incidental de posesión; y esas dos acciones deben entablarse en distintos tribunales y presentarse a las cortes mediante pliegos de alegaciones muy diferentes.'' 9 Pac. 198–9.

En Puerto Rico para recobrar o retener la posesión que ha sido perturbada existe una ley especial, la No. 43 de 1913, enmendada por la No. 11 de 1917, y para recobrar el dominio, la acción reivindicatoria. El derecho al *desahucio* aparece consagrado en la ley sustantiva dentro de las prescripciones que se refieren a los ''derechos y obligaciones del arrendador y el arrendatario,'' y el ejercicio de tal derecho consta regulado en la ley especial sobre la materia aprobada en 1905, cuya sección 2, dice: ''Procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros y guardas, puestos por el propietario en sus fincas, y cualquiera otra persona que detente la posesión material o disfrute precariamente sin pagar canon o merced alguna.''

El demandado no es inquilino, colono o arrendatario de la demandante. Tampoco fué puesto por ella como administrador, encargado, portero o guarda de la propiedad de que se trata. ¿Puede concluirse que detente la propiedad o la disfrute en precario, que es lo que realmente sostiene la demanda?

*Detentación* significa, según Escriche, ''la tenencia o posesión de una cosa en nombre de otro'' y *detentador,* según la misma autoridad es ''el que tiene o posee una cosa en nombre de otro, como el comodatario, depositario y otros, quienes pueden implorar el oficio del juez contra los perturbadores de su detentación.''

Precario ''en su más estrecha acepción es un préstamo revocable a voluntad del que lo ha hecho; y se toma también por todo lo que se posee como un préstamo y a voluntad del dueño, y así se llama precaria una posesión, para dar a entender que la tal posesión no es más que un efecto

de la tolerancia del propietario, sin que pueda dar derecho alguno al poseedor.'' *Cerra* v. *González,* citando a Escriche, 29 D. P. R. 289, 291.

Basta penetrar en el significado de las palabras deten tación y precario para concluir que al usarlas el legislador quiso abarcar con ellas todas las relaciones que pudieran existir entre el dueño de la propiedad y aquellos que hubieran entrado en la posesión y la poseyeran en su nombre a virtud de contrato o por mera tolerancia, o como intrusos, pagando o no pagando, y que no pudieran comprenderse en los conceptos de inquilino, colono, arrendatario, administrador, encargado, portero o guarda, y la prueba no pone de manifiesto en este caso ninguna de esas relaciones entre la demandante y el demandado, ni cualquiera otra derivada de ellas, o independiente, que pudiera considerarse comprendida dentro del espíritu de la ley. El demandado entró en la posesión de las casas y naturalmente del terreno sobre el cual se levantan, a virtud de un contrato legal con el dueño de las casas, sin que conste que algo conociera con respecto al alegado derecho de la demandante como dueña de la tierra. El conflicto que parece esbozarse aquí es uno de propiedad de la tierra entre El Pueblo y la demandante, y tal conflicto, haciendo caso omiso de la cuestión de consentimiento, no es propio para ventilarse y resolverse en un juicio sumario de desahucio, como tantas veces hemos decidido.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Aldrey firmó: ''Conforme con la sentencia.''

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.