FELIPE HERNÁNDEZ MARTÍNEZ, por sí y como padre con patria potestad sobre su hijo Luis Felipe Hernández Padilla, demandante y apelado, v. JOSÉ PADILLA, demandado y apelante.

No. 3873.—*Visto:* Abril 28, 1926.  *Resuelto:* Mayo 28, ·1926.

DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—CONFLICTO DE TÍTULOS—ALEGACIÓN DE DOMINIO POR EL DEMANDADO. — Cuando ejercitada acción de desahucio en precario la alegación de dominio hecha por el demandado no puede decirse que esté desprovista de todo título o derecho, la cuestión del título no puede ser considerada en un procedimiento de desahucio.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), declarando con lugar demanda de desahucio en precario, con costas. *Revocada, sin costas.*

*E. Martínez Avilés,* abogado del apelante; *Luis Mercader,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Felipe Hernández Martínez, por sí y como padre con patria potestad sobre su hijo Felipe Hernández Padilla, estableció demanda de desahucio en precario contra José Padilla.

Se alegó que el demandado estaba poseyendo precariamente la finca de dos cuerdas y media de terreno pertenecientes a los demandantes, y como tal en posesión de éstas sin título ni derecho alguno.

Alega también la demanda, que con anterioridad a su radicación, Padilla había seguido una acción contra los ahora demandantes en cobro de un supuesto pagaré en garantía del cual se alegó que el referido inmueble había quedado sujeto a dicha obligación, y que el mencionado pleito anterior había sido resuelto en contra de Padilla, ahora demandado.

La contestación, además de negar el título de los demandantes así como el carácter de precaria de la posesión que se imputa al demandado, contenía lo siguiente:

"MATERIA NUEVA DE DEFENSA.—El demandado afirma que hace

más de cuarenta años está en el libre uso y aprovechamiento del dicho predio, por concepto de dueño, quieta, pública y pacíficamente; y que los demandantes en ningún tiempo han tenido ni tienen el dominio o posesión del dicho inmueble.   Y alega además el demandado que el título que dicen tener a su favor los demandantes nace de los hechos y circunstancias siguientes:

"Doña . . . . , madre del demandado José Padilla, poseía en el barrio Capaez de Hatillo una finca de doce cuerdas.   Ocho cuerdas que vendió a José Delgado Toledo; una cuerda que regaló a su hijo Manuel Padilla, quien más tarde fué adquirida por José Delgado; dos y media cuerdas, que son las que dan motivo a esta demanda, se las regaló doña . . . . a su hijo el demandado y media cuerda que conservó para ella.

"Fué convenido que José Delgado practicara una información de dominio, a su propio nombre, de toda la finca, con la condición de que al ser aprobada e inscrita se le otorgara escritura al demandado de sus dos cuerdas y media.   Se hizo así, pero al ser otorgada la referida escritura de Delgado al demandado, éste por un mero acto de confianza en su hija doña Filomena Padilla Pérez, solicitó la escritura se otorgara a favor° de su hija dicha, casada entonces con el demandante Felipe Hernández Martínez, pero sin que mediara en dicho acto precio de venta alguno, a pesar de que en la escritura se decía que era por valor de ciento cincuenta dólares que se habían recibido.

"Dos o tres años más tarde doña Filomena Padilla Pérez enfermó gravemente, y fué entonces cuando el demandado solicitó de su hija que le pasara de nuevo la escritura de la finquita a lo que ella accedió gustosa, lo que no se pudo llevar a efecto, porque después de estar redactada la escritura y el notario en casa del demandante y demandado, el demandante Felipe Hernández se negó rotundamente a firmar, de mala fe y sin motivo o pretexto alguno.

"Por los motivos expuestos suplicamos a la Hon. Corte dicte en su día sentencia declarando sin lugar la demanda con costas a la parte actora."

En la vista preliminar los demandantes ofrecieron como prueba una declaratoria de heredero obtenida por ellos como únicos y universales herederos de Filomena Padilla Pérez, la demanda, contestación, pagaré, escritura y la opinión de la corte en el caso anterior.

El pagaré que sirvió de base al pleito anterior, es como sigue:

"DOCUMENTO O PAGARÉ PRIVADO.—Por $300.00, Hatillo, P. R. Para el día 30 de noviembre de 1923.—Debo y pagaré a favor de don José Padilla la suma de trescientos dólares, valor recibido de dicho señor el día 16 de enero de mil novecientos veinte y cuya suma me comprometo a devolver el día 30 de Noviembre de 1923, además los intereses del 1% mensual. Al fiel y exacto cumplimiento de esta obligación pongo en garantía una finca de mi propiedad radicada en el barrio Capaez del término municipal de Hatillo, compuesta de dos cuerdas y cincuenta céntimos, en lindes por el Norte José Delgado; por el Sur con la sucesión de José María Rosa; por el Saliente con la misma sucesión Rosa; y por el Poniente con José Delgado Toledo; cuya finca la hubo por compra con dinero de mi propio peculio a don José Delgado. Me comprometo además al pago de honorarios de abogado y me someto a la jurisdicción del Tribunal competente. Hatillo a 26 de Octubre de 1923.—Filomena (su marca) Padilla. Testigo de la marca Dr. Luis Brusi. No. 162. Jurado y suscrito ante mí por doña Filomena Padilla Pérez, mayor de edad, casada, de oficio doméstico y vecina de Hatillo a quien conozco personalmente hoy en Hatillo a 26 de Octubre de 1923, y signa por no poder firmar. Francisco Rodríguez Alverio, Notario Público. Archivado en mi oficina hoy día 27 de abril de 1925. Manuel L. Corbet. Secretario."

La escritura es una venta de dos cuerdas y media de terreno hecha por Delgado Toledo y su esposa en enero 16, 1921, a Filomena Padilla, esposa de Felipe Hernández, por precio de $150, que se dice recibió el vendedor del comprador con anterioridad al otorgamiento de la escritura.

Felipe Hernández declaró que la propiedad en cuestión había sido adquirida durante el matrimonio; que el demandado Padilla vivió en ella sin pagar ningún canon y se negó a entregar la posesión; que el testigo vive en Camuy y nunca ha vivido en la finca en controversia, excepto durante el tiempo que estuvo en la casa de su padrastro, José Padilla.

José Delgado insistió en que había recibido los $150 a que alude la escritura y negó que en la mañana del día del

juicio hubiera manifestado a Juan F. Cruz, que el testigo se vería obligado a tener que declarar lo consignado en la escritura, porque si declaraba lo que realmente había sucedido, o sea que la finca era de Padilla y que iba a ser traspasada a él, pero que a petición suya la pasó a nombre de la hija, podría perjudicarle. Este testigo negó también haber dicho a Cruz que él nunca había recibido los ciento cincuenta dólares, consignados como precio de venta de la finca, de Filomena Padilla, ni de ninguna otra persona.

Cruz fué a declarar y dijo lo siguiente:

"Que esta mañana antes de salir de Hatillo en la plaza, y después de subir al automóvil, José Delgado Toledo manifestó que Padilla tenía razón; que él sabía que aquella finca era de él; pero que él tenía que declarar que se la había vendido a Filomena Padilla y que había recibido dinero por ella, porque si declaraba otra cosa podía perjudicarse, puesto que había una escritura por el medio."

La declaración de José Casanova Marrero es al efecto siguiente:

"Que le consta, porque estaba presente, siendo para esa fecha alcalde de Hatillo, o comisionado de servicio público, que un día estando enferma muy grave Filomena Padilla, exigió a su esposo Felipe Hernández que firmara la escritura por la cual ella le pasaba otra vez la finca a su padre, porque sabía que aquello no era de ellos; que Hernández se negó a ello."

Lorenzo Coballes Gandía dice:

"Que se llamaba como queda dicho; que era abogado y notario; que un día fué requerido o mandado a buscar por Filomena Padilla para que hiciera una escritura de venta a ella a favor de su padre José Padilla; que hizo la escritura y que fué a firmarla a la casa de ella pero que el esposo se negó a dar su firma."

La manifestación hecha por José Padilla como testigo en su propia defensa, es como sigue:

"Que es el demandado en este caso; que su madre tenía una finca de doce cuerdas en el barrio Capaez de Hatillo; que vendió ocho cuerdas de ellas a José Delgado Toledo; que una cuerda se la regaló a su hijo Manuel y que dos cuerdas y media se las regaló al

declarante; que estas dos cuerdas y media es la finca objeto del litigio; que hace más de cuarenta años que vive en ella; que el declarante consintió en que José Delgado hiciera un dominio de toda la finca para que después le entregara escritura de las dos cuerdas y media; que al irle a entregar la escritura José Delgado, le dijo que se la pasara a favor de su hija Filomena Padilla; que hizo esto porque tenía confianza en ella; que Felipe Hernández nunca había vivido ni tomado posesión de la finca; que Felipe Hernández había vivido en su casa, en la casa del declarante un corto tiempo solamente después de casado con su hija; que ahora él no vivía por todo aquello, él Felipe Hernández; que su hija antes de morir quiso pasarle de nuevo la finquita pero que su yerno Felipe Hernández se negó a dar la firma para ello.

"A preguntas del abogado de los demandantes contesta:

"Que es verdad que demandó al Felipe Hernández por pagaré que había suscrito a su favor su hija Filomena por la suma de $300.00; que había embargado la finca esa de dos cuerdas y media; que ese dinero se lo debía su hija porque él se lo había prestado de dinero que le mandaba su hijo desde Cuba; que él sabía cuando le dijo a Toledo que le pasara la escritura a su hija que ella estaba casada.

"A preguntas de su abogado y aclarando el porqué sabiendo que aquella era finca suya la había embargado como de la propiedad de los herederos de Filomena Padilla dice:

"Que lo hizo porque sabía que Felipe Hernández tenía allí un derecho con motivo a la escritura que se había pasado ya que él se había negado a dar su firma antes de que su mujer muriera para que se la devolvieran, y que ya que tenía aquel pagaré había escogido aquel medio para que Hernández no pudiera en el mañana decir que tenía derecho sobre la finca."

La cuestión de impedimento (*estoppel*), si alguna existe, que surja de las admisiones hechas en el caso anterior, o debido a otros actos o conducta por parte de Padilla, así como la autenticidad y certeza del pagaré de $300, de estar aquí envuelta, y el valor probatorio de la declaración del demandado en este caso, son cuestiones que pueden dejarse mejor para ser resueltas en una acción reivindicatoria.

No estamos preparados ahora para decir que la alegación de dominio hecha por el demandado está desprovista de todo derecho o título. Y si hubiere alguna prueba para

sostener tal alegación, la cuestión de título no puede ser considerada en un procedimiento de desahucio. Véase también el caso de *Correa v. Correa,* 32 D.P.R. 273.

*Debe revocarse la sentencia apelada y declararse 'sin lugar la demanda, sin especial condenación de costas.*