RAÚL COLÓN TORRES, demandante y apelante, *v.* MARÍA LUISA COLÓN VIUDA DE GARCÍA e ISABEL COLÓN ALVAREZ, demandadas y apeladas.

Núm. 7346.—*Sometido:* Enero 15, 1937. *Resuelto:* Marzo 5, 1937.

*Raúl Colón Torres* por su propio derecho y *Luis Venegas Cortés,* abogados del apelante; *Agustín E. Font,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En noviembre de 1911 María Luisa Colón Alvarez y María Isabel Colón Álvarez traspasaron a Rafael Colón Alvarez un condominio pro indiviso de cierta casa y solar por un precio que se admitía haberse recibido con anterioridad al otorgamiento de la escritura. Ésta fué otorgada ante el notario Tomás Castillo León. Al siguiente día Rafael Colón traspasó la casa y solar a doña Francisca Castaing Soto por $2,000, pagados por la adquirente en presencia del notario. Doña Francisca Castaing convino en la retroventa de la propiedad al devolvérsele el precio de la compraventa dentro de dos

años. Se convino además que Rafael Colón permaneciera en posesión de la finca por un canon mensual de $20, estipulándose que vencidas tres mensualidades sin ser satisfecho su importe, se consideraría vencido el plazo para la retroventa y rescindido el contrato de inquilinato. En octubre de 1910 doña Francisca Castaing vendió la finca a José Luis Vendrell Valdivieso. En abril de 1921 Vendrell la traspasó a María Luisa Colón Álvarez por $2,800, de la cual suma reconocía haber recibido $800 con anterioridad al otorgamiento de la escritura, quedando el saldo garantizado con hipoteca. En abril de 1926 Doña María Luisa Colón Álvarez y su esposo vendieron la finca a Rafael Colón Alvarez por $2,500. En esta escritura se hacía constar que Rafael Colón pagó $500 en efectivo en presencia del notario Felipe Colón Díaz y retuvo el saldo con el objeto de pagar la hipoteca. En septiembre de 1931 Rafael Colón Álvarez traspasó la finca a su hijo Raúl Colón Torres por $3,000, de los cuales reconoció haber recibido la suma de $500 con anterioridad al otorgamiento de la escritura. En noviembre de 1934, Raúl Colón Torres traspasó la propiedad a la Sucesión de Francisco María Franceschi en pago de una hipoteca. En junio de 1935 la Sucesión Franceschi retransmitió la propiedad a Raúl Colón Torres por la suma de $2,732.32. En la escritura se hacía constar el pago de $2,000 en efectivo en presencia del notario y Raúl Colón otorgaba hipoteca para garantizar el saldo. Entonces inició el presente recurso de desahucio contra María Isabel Colón Viuda de García y contra Isabel Colón Álvarez como poseedoras en precario.

Las demandadas contestaron en la siguiente forma:

"1.—Negamos el hecho único de la demanda. Se alega, en contrario, que la finca que se describe en dicha demanda perteneció en común pro indiviso a las demandadas y su hermano Rafael Colón Alvarez, hasta que en abril 24 de 1926 el citado Rafael Colón Alvarez, valiéndose de engaños obtuvo de la ahora codemandada, María Luisa Colón y esposo, que por escritura pública le pasara dicho inmueble con el pretexto de hacer ciertos negocios; y en esa forma

engañosa y fraudulenta y sin que mediara precio ni consideración, obtuvo un título a su favor que, posteriormente, defraudando a las ahora demandadas, traspasó a su hijo Raúl Colón Torres, y quienes obrando de común acuerdo y maliciosamente, adjudicaron dicha finca a la Sucesión de Francisco María Franceschi. Y siguen alegando las demandadas que la Sucesión de Francisco María Franceschi convino con las demandadas en que tan pronto como les fuera adjudicada la finca se la revertirían a ellas mediante el pago de la suma que dicha finca debía; pero contrario a lo así convenido, obrando maliciosamente, la Sucesión de Francisco María Franceschi, y de acuerdo con Rafael Colón Alvarez y Raúl Colón Torres, convinieron en que dicho Rafael Colón Alvarez vendiera simuladamente dicha propiedad a Raúl Colón Torres a fin de que éste la adjudicara en pago a la Sucesión de Francisco María Franceschi; y se alega que la escritura de venta de Rafael Colón Alvarez a Raúl Colón Torres es una simulada y fraudulenta por no haber mediado precio ni consideración. Y se sigue alegando que todo ello se hizo y convino entre la Sucesión de Francisco María Franceschi y dichos señores, con el propósito de que dicha sucesión desahuciaría a las ahora demandadas para traspasar la finca, luego de realizado ese hecho, a Raúl Colón Torres. Que obrando en consonancia con lo anteriormente expuesto, la Sucesión de Francisco María Franceschi radicó el pleito civil número 9440, sobre desahucio en precario, el cual está aún pendiente ante esta misma Corte de Distrito de Ponce. Y siguen alegando las demandadas que en la actualidad ellas ocupan parte de la finca que se describe en la demanda como condueñas que son de la misma por título de herencia, ocupando otra parte de dicha finca, o sea, la panadería, su hermano Rafael Colón Alvarez, quien la tiene arrendada y recibe por ese arrendamiento un canon mensual que utiliza para su propio y exclusivo beneficio. Y siguen alegando las demandadas, que la Sucesión de Francisco María Franceschi maliciosamente y actuando de común acuerdo con Rafael Colón Alvarez y Raúl Colón Torres, han convenido la compraventa de la finca que se describe en la demanda bajo la condición de desalojar a las demandadas de dicha finca para entonces traspasársela a Raúl Colón Torres, todo ello maliciosamente y con el propósito de defraudar los derechos de las ahora demandadas. Y siguen alegando las demandadas que la escritura de venta de Rafael Colón Alvarez a Raúl Colón Torres y la adjudicación de Raúl Colón Torres a la Sucesión de don Francisco María Franceschi y la venta de la Sucesión de don Francisco María Franceschi a Raúl Colón Torres, son simuladas, falsas y fraudulentas, con

el solo propósito de privar a las demandadas de un legítimo derecho, resultando de los hechos un conflicto de títulos.

"Primera Defensa Especial.—Como primera defensa especial alegan las demandadas que son dueñas en común pro indiviso por título de herencia de la finca que se describe en el hecho único de la demanda en la proporción de una tercera parte para cada una de ellas.

"Segunda Defensa Especial.—Que el demandante, Raúl Colón Torres, no es dueño de la finca descrita en la demanda por ser los títulos nulos, por haberse hecho simuladamente y en confabulación para defraudar los derechos de las aquí demandadas.

"Tercera Defensa Especial.—Alegan las demandadas que ante esta Corte de Distrito está pendiente el caso civil número 9440, sobre desahucio un precario entablado por la Sucesión de Francisco María Franceschi contra María Luisa Colón Viuda de García y doña Isabel Colón en el cual está envuelta la misma propiedad que alega el demandante como suya.

"Cuarta Defensa Especial.—Como cuarta defensa especial alegan las demandadas que ante esta Corte de Distrito de Ponce se entabló y resolvió el caso civil número 10154 sobre desahucio en precario, entablado por el aquí demandante Raúl Colón Torres contra las mismas demandadas, María Luisa Colón Viuda de García e Isabel Colón Alvarez, habiendo declarado la Corte de Distrito sin lugar dicha demanda y resultando este nuevo pleito incoado por el mismo demandante y por las mismas demandadas sobre la misma propiedad una materia juzgada (*res judicata*).

"Quinta Defensa Especial.—Alegan las demandadas que sobre la propiedad descrita en el hecho único de la demanda, cada una de ellas tiene constituído separadamente el derecho de 'Homestead' u Hogar Seguro, siendo cada una de ellas una jefe de familia. Dicho derecho de 'Homestead' u Hogar Seguro no ha sido renunciado expresamente por ninguna de las demandadas ni separadamente ni conjuntamente en ninguna de las transacciones de que ha sido objeto la propiedad descrita en la demanda. Tampoco han abandonado ellas la propiedad en ocasión de las transacciones de las cuales dicha propiedad ha sido objeto.

"En mérito de lo expuesto, respetuosamente se solicita de esta Hon. Corte que en su día y previo los trámites legales se sirva dictar una sentencia a favor de las demandadas y en contra del demandante con los siguientes pronunciamientos:

"1.—Declarando sin lugar la demanda por existir un conflicto de títulos el cual debe ser resuelto en una acción plenaria.

"2.—Declarando y reconociéndoles a cada una de las demandadas el derecho de Hogar Seguro (Homestead) que tiene cada una de ellas como jefe de familia sobre la casa descrita en la demanda. Y condenando al demandante Raúl Colón Torres a satisfacer la cantidad de quinientos dólares ($500.00) a cada una de las demandadas en caso de que quiera tomar posesión de la propiedad objeto de este litigio.

"3.—Condenando al demandante Raúl Colón Torres al pago de las costas, gastos y honorarios de abogado de este pleito."

En el señalamiento de errores se agrupan bajo cuatro títulos unos treinta fundamentos de apelación, así: (*a*) Impertinencia; (*b*) Defensa de Hogar Seguro; (*c*) La forma defectuosa de admitir la prueba, y (*d*) Errores de la sentencia.

La contención relativa a los grupos primero y segundo es que toda la prueba de las demandadas era impertinente. La relativa al cuarto grupo en lo que se refiere a seis de los ocho errores allí especificados, es que la corte cometió error al tomar en consideración la prueba designada como impertinente en los grupos primero y segundo. La teoría de estas dos contenciones es que las demandadas en un pleito de desahucio no pueden atacar la validez del título del demandante como fraudulento cuando ese título está evidenciado por un documento público otorgado en debida forma e inscrito en el registro de la propiedad. A este respecto el apelante se basa en la sentencia del Tribunal Supremo de España, de fecha 27 de septiembre de 1905 (102 Jur. Civ. 261); en *León Lugo* v. *Alvarado,* 24 D.P.R. 700; en *Ortiz* v. *Aguayo,* 26 D.P.R. 735, y en un extracto de la opinión del juez de distrito citado por este tribunal en el caso de *Gelabert* v. *Candelaria,* 49 D.P.R. 770.

En el primero de estos cuatro casos la parte demandada en el recurso de desahucio no alegaba ser dueña de la propiedad. Solicitaba la rescisión de la compraventa debido a que la misma había sido otorgada para defraudarle de sus derechos como acreedor del vendedor.

En el segundo, León Lugo, en un pleito entablado por él contra Alvarado, había adquirido la finca en cuestión como comprador en una subasta.

Este tribunal dijo:

"En cuanto al segundo, el hecho de que el apelante ha pedido la nulidad del juicio que produjo la venta y adjudicación de la casa no es motivo para declarar que León Lugo no tenga un título suficiente para obtener sentencia favorable en un juicio por desahucio porque mientras no se anule el juicio y la venta es válido el título del demandante, seguirá siendo el dueño y como tal tiene derecho a que el apelante desocupe la casa en cuestión. Declarar que la reclamación de nulidad de un título impide ejercitar los derechos que del mismo dimanan equivaldría a resolver en el juicio de desahucio que dicho título adolece de los vicios en que se basa la nulidad pretendida, cuestión ésta que no puede ser apreciada ni resolverse en un juicio sumario y especial como es el de desahucio en el que sólo se trata del derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella."

Las opiniones emitidas en los casos tercero y cuarto hablan por sí solas.

Véanse también *Dávila* v. *Sotomayor,* 35 D.P.R. 794, y la Sentencia del Tribunal Supremo de España, de 8 de abril de 1914, 130 Jur. Civ. 45.

La teoría de todos esos casos es que el demandante en un pleito de desahucio que presenta un título válido hasta que el mismo se invalida, tiene derecho a la inmediata posesión en tanto en cuanto se determina judicialmente en cualquier otro recurso, la cuestión relativa a la validez de su título. La doctrina de tales casos es inaplicable, cuando la parte demandada, en un pleito de desahucio, se encuentra en posesión a título de dueña, alega hechos suficientes para demostrar la nulidad absoluta del título del demandante y aduce suficiente prueba para indicar que su defensa no es un pretexto. Véanse *Sucrs. de Huertas González* v. *Rosario,* 50 D.P.R. 360 y *Martínez* v. *Figueroa,* 50 D.P.R. 951.

Para los fines de esta opinión, podría admitirse que en lo que a la Sucesión Franceschi se refería, no hubo práctica-

mente prueba alguna de fraude, conspiración o conocimiento sobre la naturaleza simulada de las enajenaciones anteriores. Si la Sucesión Franceschi no hubiera traspasado la propiedad a Raúl Colón ella hubiera tenido derecho como demandante en un procedimiento de desahucio a ser protegida por el artículo 34 de la Ley Hipotecaria no obstante la alegada nulidad absoluta de las ventas hechas por doña María Luisa Colón Álvarez a Rafael Colón Álvarez en abril de 1926. Empero, la Sucesión Franceschi no es demandante en el presente recurso.

La prueba de las demandadas establece un caso prima facie sobre la naturaleza simulada del traspaso hecho por doña María Luisa Álvarez a Rafael Colón. Es una inferencia lógica, a juzgar por las íntimas relaciones de familia y por otros hechos establecidos por la prueba, que Raúl Colón tenía conocimiento de la naturaleza simulada del traspaso hecho por su tía a su padre. Si él tenía conocimiento de este hecho no puede escudarse en las disposiciones del artículo 34 de la Ley Hipotecaria. Si la enajenación hecha por doña María a su hermano fué simulada, ella fué una absoluta nulidad. De ello se desprendería, desde luego, que la venta hecha por Rafael a Raúl era también una nulidad absoluta. *González Rodríguez* v. *Fumero,* 38 D.P.R. 556; Sentencia del Tribunal Supremo de España, de noviembre 30 de 1909 (116 Jur. Civil 501); *German Savings & Loan Soc.* v. *De Lashmutt,* 67 F. 399; 8 C. J. 1149; *Del Río* v. *Sastre,* 9 D.P.R. 193.

El juez de distrito no cometió error al admitir prueba tendente a demostrar la nulidad absoluta del título del demandante ni al tomar en consideración esta prueba para dictar sentencia.

El juez de distrito admitió cierta prueba provisionalmente para darle el valor probatorio que tuviera, y se reservó la decisión sobre su admisibilidad. De ordinario la mejor práctica es resolver cuestiones de prueba conforme las mismas

son presentadas, pero no habiéndose demostrado prejuicio, el error de haberlo, no es suficiente para justificar la revocación.

■■ El juez de distrito en el curso de su relación del caso y opinión, dijo:

"Después de haber examinado toda la evidencia documental en relación con las declaraciones que se dejan sustancialmente transcritas, la Corte llega a la conclusión de que en este caso hay entre el demandante y las demandadas cuestiones de derecho más o menos controvertibles, toda vez que las demandadas alegan que ellas ocupan parte de la finca en cuestión como condueñas que son de la misma por título de herencia, y tal alegación no está desnuda de toda prueba; no debiendo por consiguiente decretarse el desahucio y sí dejar que las partes ventilen sus derechos en el juicio ordinario correspondiente, de acuerdo con la doctrina constantemente sostenida por la Corte Suprema de Puerto Rico en numerosos casos, entre ellos, los que se citan a continuación: *Del Valle* v. *Andréu,* 11 D.P.R. 415; *Merhoff* v. *Rodríguez,* 14 D.P.R. 67; *Elzaburu* v. *Chaves,* 15 D.P.R. 17; *Torres* v. *Pérez,* 18 D.P.R. 573; *Andino* v. *Canales,* 27 D.P.R. 281; *Hernández Martínez* v. *Padilla,* 35 D.P.R. 513; *Ermita del Rosario* v. *Collazo,* 41 D.P.R. 597."

El apelante basa tres de sus contenciones en esta relación. Ella fué sustancialmente correcta. Cualquier imprecisión o expresión inadecuada con referencia a "cuestiones de derecho más o menos controvertibles" y a "título de herencia" no es un error que dé lugar a la revocación. El caso de *Hernández Martínez* v. *Padilla,* 35 D.P.R. 513 no era distinto. El hecho de que éste y otros casos citados por el juez de distrito sean más o menos distinguibles no hace que la doctrina sentada en los mismos (especialmente toda vez que ha quedado suplementada por la de *Sucesores de Huertas González* v. *Rosario* y por la de *Martínez* v. *Figueroa,* supra), resulte inaplicable al presente.

Sea ello como fuere, la prueba en su totalidad suscitó una verdadera controversia sobre la nulidad absoluta del título del demandante y en su consecuencia bastaba para justificar la sentencia que declaró sin lugar la demanda. En su conse-

cuencia, es innecesario que consideremos la cuestión de hogar seguro.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.