Pedro Orcasitas Muñoz, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

No. 960.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 25, 1935.

*González Fagundo & González, Jr.,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Pedro Orcasitas presentó para su inscripción en el Registro de la Propiedad de San Juan, Sección Segunda, en julio 10, 1935, un ''Certificado de Compra de Bienes Inmuebles'' expedido por el Colector de Rentas Internas de Río Piedras en julio 29, 1933, creditivo de haber adquirido por $639.92, en subasta celebrada ante dicho funcionario para el cobro de contribuciones, una finca de noventa y cinco cuerdas perteneciente a Alfonso González, tasada en $28,540.

El certificado causó en el registro la siguiente nota:

''Denegada la inscripción de la venta hecha por este documento, tomada anotación preventiva por 120 días e inscrita la ampliación del crédito hipotecario a favor de Pedro Orcasitas Muñoz por $639.92 de acuerdo con lo dispuesto en el párrafo final del artículo 348 del Código Político y la sentencia en el caso Cancel v. El Registrador; 15 D.P.R. 486. . .

"La inscripción a que se refiere la precedente nota se practicó con el defecto subsanable de no estar aceptado el contrato por el adquirente."

No conforme Pedro Orcasitas interpuso contra ella el presente recurso gubernativo. Sostiene, 1° que procede la inscripción de la venta habiendo aplicado el Registrador erróneamente la ley y la jurisprudencia que cita, 2° que no procede la inscripción de ampliación de hipoteca practicada y 3° que no existe el defecto subsanable apuntado. Argumenta sus conclusiones y acompaña la escritura de hipoteca constituída por el dueño de la finca en cuestión a favor de Orcasitas en garantía de un préstamo de $15,000 que éste le hiciera.

■ Los hechos son claros. La finca de que se trata consta inscrita en el registro a favor de Alfonso González quien la hipotecó en diciembre 16, 1931, en garantía del préstamo que le hiciera Pedro Orcasitas. La hipoteca se inscribió también en el registro. En ninguna parte del documento consta que el acreedor se obligara a satisfacer las contribuciones impuestas o que se impusieran a la finca.

El dueño de la finca, González, dejó de pagar las contribuciones y El Pueblo inició el procedimiento administrativo de ley para cobrarlas subastándose el inmueble en mayo 19, 1933, adquiriéndolo Pedro Orcasitas, único postor, quien ofreció por él $639.92 que era lo que debía por contribuciones.

Orcasitas sostiene que él es un comprador igual a cualquier otro que hubiera obtenido la buena pro en la subasta y el registrador insiste en que siendo Orcasitas dueño de una hipoteca constituída sobre la finca en cuestión, no pudo adquirir ésta para sí, debiendo interpretarse el llamado contrato de venta que realizara simplemente como uno de ampliación de hipoteca.

Examinemos ambas posiciones a la luz de la ley y la jurisprudencia para ver cuál de ellas debe prevalecer.

El artículo 348 del Código Político en que el registrador se funda dispone en efecto, en lo pertinente, que:

"Cuando se redimiere la propiedad por un acreedor hipotecario, el dinero pagado por éste para redimir la propiedad se acumulará a su crédito hipotecario, y podrá recobrarse al mismo tipo de interés que devengue el crédito hipotecario; y cuando el inquilino o arrendatario redimiere la propiedad, podrá deducir de la renta que pagare el importe de dicha redención."

Habiendo resuelto esta corte en el caso de *Cancel v. Registrador,* 15 D.P.R. 486, lo que sigue:

"Cuando una finca afecta a un crédito hipotecario es vendida a un tercero para el cobro de contribuciones morosas, y redimida por el mismo acreedor hipotecario en concepto de tal acreedor mediante pago al comprador del importe del precio de la finca rematada, sus intereses y el importe de los recibos de contribuciones atrasadas satisfechas, no tiene derecho a que se inscriba a su favor el dominio de la finca por él redimida con el carácter de acreedor hipotecario, pero sí a que se anote en el Registro como ampliación de su crédito hipotecario el importe del precio de la redención, de acuerdo con la sección 62 de la Ley de Rentas de marzo 14, 1907."

Aquí Orcasitas, acreedor hipotecario, alega que no acudió a la subasta como tal, ni redimió la finca vendida, si que la compró en la subasta celebrada para el cobro de las contribuciones adeudadas por la misma. ¿Pudo hacerlo?

No hay duda de que pudo pagar las contribuciones y de acuerdo con lo dispuesto en el artículo 333 del Código Político acumular lo pagado a su hipoteca para ser reintegrado al tipo de interés especificado en el documento constitutivo de la misma. Tampoco la hay de que pudo redimir la finca en su caso de conformidad con el citado artículo 348 del Código Político.

Ahora bien, la circunstancia de que la ley le reconozca esos derechos ¿le impide actuar como cualquier otra persona, de modo independiente, y comprar para sí el inmueble ofrecido en venta en pública subasta para el cobro de contribuciones?

La contestación a esa pregunta depende del alcance que tenga la hipoteca o de lo que se hubiere pactado entre el acreedor y el deudor en relación con las contribuciones.

Si el acreedor hipotecario por virtud del contrato se convierte en una especie de condueño o si se compromete a satisfacer las contribuciones o pacta algo que de acuerdo con la ley y la jurisprudencia a ello lo obligue, entonces sus derechos están limitados a los que le reconoce el Código Político, pero si la hipoteca constituye una mera garantía y la persona a cuyo favor se otorga no se obliga al pago de las contribuciones, ni pacta algo en relación con ellas que hiciere variar su situación, entonces el acreedor tiene además el derecho de adquirir para sí como cualquier otro ciudadano la finca hipotecada en una venta celebrada para el cobro de las contribuciones.

Cooley, en su obra "The Law of Taxation," vol. 3, p. 2857 y siguientes, dice:

"Un deudor hipotecario que tiene el deber de pagar las contribuciones no puede ser el adquirente en una subasta efectuada para el cobro de las mismas y de ese modo cancelar la hipoteca. Pero si el acreedor hipotecario estuviera en posesión, recibiendo las rentas y beneficios, y estuviera obligado a pagar las contribuciones, no parecería tan claro que el deudor hipotecario estuviese impedido de aprovecharse de la negligencia del acreedor. Si eso se sostuviera, parecería haber motivo para decidir que el acreedor hipotecario también, por razón de su relación con el título, estaba impedido de ser un comprador del interés del deudor hipotecario en la subasta y que su remedio estaría limitado al pago para proteger su gravamen. No puede decirse en tal caso que el deudor o el acreedor hipotecario no estén obligados con el gobierno a pagar la contribución. Por el contrario, imponiéndose la contribución como un gravamen superior al del acreedor y aún al título del deudor, podría muy bien sostenerse, a nuestro juicio, que ni el deudor ni el acreedor estaban en libertad para dejar de efectuar el pago, como paso para mejorar su condición a costa de la otra parte, pero que la presunción de la ley debe ser que el comprador hizo tal cosa para proteger sus propios intereses meramente. Y esto es, en general, lo que establecen las autoridades. Y se sostiene que cuando un comprador de tierras

sujetas a hipoteca no asume ni conviene en pagarla, no subsiste relación personal u obligación algunas entre él y el acreedor hipotecario, y no tiene deber alguno de pagar al último las contribuciones impuestas sobre las tierras, y por tanto, puede adquirir una escritura por concepto de contribuciones que extinguirá los derechos del acreedor hipotecario. El peso de las autoridades está en favor del criterio de que el acreedor hipotecario no puede comprar la propiedad hipotecada en una subasta efectuada para el cobro de las contribuciones y de este modo adquirir un título que destruiría los derechos del deudor hipotecario, especialmente cuando el acreedor está en posesión. Sin embargo, en algunos estados en que la hipoteca se considera solamente como una garantía de la deuda y no se estima que el título legal lo tiene el acreedor, se ha sostenido que un acreedor hipotecario que no está en posesión material puede adquirir el título por compra en una subasta para el cobro de las contribuciones en contra de los deudores hipotecarios.''

Y Corpus Juris resume la jurisprudencia, así:

''El gravamen de una hipoteca sobre una finca no puede ser cancelado por la compra de la propiedad hipotecada en una venta para el cobro de contribuciones, tanto para el deudor hipotecario como para uno que se haya hecho cargo de la hipoteca como comprador de él, o por otro encargado de la propiedad bajo circunstancias indicadoras de fraude o colusión; pero cuando un deudor ha convenido expresamente en pagar las contribuciones sobre la propiedad hipotecada, se sostuvo que él no estaba por eso impedido de adquirir el título de la misma si ello no afecta los intereses o derechos que surgen o resultan de la hipoteca. Del mismo modo el título de un deudor no puede ser enajenado por compra de la propiedad hipotecada por el acreedor hipotecario en una venta para el cobro de contribuciones. Cuando existen distintos tenedores de pagarés garantizados por la misma hipoteca y uno de dichos acreedores no puede obtener el pago del deudor hipotecario para la cancelación de su reclamación, y, en contra de los otros acreedores, perfecciona su título adquiriendo un certificado de contribuciones al amparo de un gravamen sobre la finca por contribuciones existentes al tiempo de él adquirir el derecho sobre ella; ni siquiera uno de los dos acreedores sucesivos de la misma finca despoja al otro del gravamen por tal compra. Sin embargo, se ha sostenido, que la mera relación de acreedor hipotecario no impide a éste adquirir el título de la propiedad hipotecada comprándola en una venta para el cobro de contribuciones, y que un acreedor hipotecario puede llegar a ser un

comprador cuando no estaba bajo el deber u obligación de pagar las contribuciones, si él no hizo uso de su posición de acreedor hipotecario para convertirse en un comprador, no compró en su carácter de acreedor hipotecario, y no tomó parte en relación con la venta excepto la de ofrecer y pagar el dinero de la compra; o si él no estaba en posesión de la propiedad al tiempo de acumular las contribuciones, o cuando fué vendida de acuerdo con los procedimientos para el cobro de contribuciones, pero cuando se permite al acreedor hipotecario comprar la propiedad hipotecada en una venta para el cobro de contribuciones, él no puede más tarde levantar la cuestión del título así obtenido en contra de los derechos de redención del deudor hipotecario.'' 61 C. J. 1203.

El contrato de hipoteca está regulado en esta Isla por el Código Civil y la Ley Hipotecaria. La hipoteca es accesoria. Garantiza una obligación principal. Por ella el acreedor no se convierte en dueño de la finca hipotecada, ni entra en posesión de la misma, ni asume la obligación de pagar las contribuciones que El Pueblo imponga a la finca. Esta continúa en la posesión de su dueño, el deudor, a quien corresponde el pago de las contribuciones, a menos que se pacte que dicho pago corresponde al acreedor.

Siendo ello así, es la aplicable en Puerto Rico la jurisprudencia que sostiene el derecho del acreedor hipotecario que no se obliga a satisfacer las contribuciones, a comprar para sí la finca hipotecada en una venta para el cobro de las mismas, sujeta desde luego la adquisición al derecho de redención que la ley reconoce al dueño. Parece conveniente citar en extenso siquiera una de las decisiones de las cortes del Continente que establece la jurisprudencia que de acuerdo con los hechos y la ley estimamos aplicable a este caso. Escogeremos por lo corta y precisa la de *Jones* v. *Black*, 18 Okla. 344, que aparece reportada también en 11 Am. and Eng. Ann. Cas. 753, donde se encontrará una nota que resume las diferentes decisiones sobre el particular.

La Corte Suprema de Oklahoma, por medio de su Juez Pancoast, se expresó así:

"Este caso presenta solamente una cuestión legal. Las controversias surgen de una excepción previa a la petición, declarada con lugar por la corte inferior. La cuestión envuelta es como sigue: ¿Puede un acreedor hipotecario adquirir el título de la propiedad hipotecada comprando un certificado de contribuciones y obteniendo al efecto la escritura de contribuciones destruyendo así los derechos del deudor hipotecario en la propiedad?

"Los casos han sido llevados a distintas cortes bajo aspectos diversos, y aunque una ligera lectura parecería indicar que existe algún conflicto en las autoridades sobre la cuestión, sin embargo, después de un cuidadoso estudio de los diferentes estatutos y de los distintos casos presentados, el aparente conflicto en realidad no existe.

"Bajo la antigua regla se sostenía que cuando el acreedor hipotecario poseía un título legal, estaba impedido de adquirir el título en una subasta para el cobro de las contribuciones. La misma regla es aplicable a un acreedor hipotecario que está en posesión de la propiedad. De acuerdo con nuestro estatuto, un acreedor hipotecario posee su hipoteca solamente como garantía de la deuda, y cuando el contrato no especifica que el acreedor hipotecario está obligado a pagar las contribuciones de la propiedad, las autoridades son uniformes en el sentido de que él puede adquirir el título en una subasta. En este caso había una disposición en la hipoteca al efecto de que en caso de que el deudor hipotecario dejara de pagar las contribuciones, el acreedor tendría el derecho de pagarlas. Esta disposición, sin embargo, reitera simplemente el derecho que él hubiera tenido sin que la referida condición hubiera sido incluída en la hipoteca. Esa disposición no le obliga a pagar las contribuciones pero le da derecho a hacerlo si el deudor hipotecario dejare de satisfacerlas. Este derecho lo habría tenido el acreedor aun sin la existencia de dicha condición, y ni amplía ni limita los derechos legales de las partes respectivas. Bajo la ley actual y el estado de las partes existente en este caso, no hay relación de confianza entre las mismas que impida que el acreedor hipotecario se convierta en adquirente en la subasta. Los atributos de la hipoteca en el derecho común han sido totalmente desechados. El acreedor hipotecario tiene solamente un gravamen sobre la propiedad, mas no un título. Su gravamen no le da derecho a la posesión. Su único remedio es la ejecución de la hipoteca. Se le exige que pague contribuciones sobre el pagaré y la hipoteca, y el cumplimiento de esta obligación es todo lo que la ley le exige.

"Al prestar dinero al deudor hipotecario, el acreedor no se com-

promete u obliga a pagar las contribuciones sobre la garantía ofrecida, sino que por el contrario el deudor hipotecario está obligado a pagar las contribuciones, y es su deber proteger el gravamen o la garantía. Permitir que el deudor hipotecario se niegue a pagar contribuciones sobre una propiedad que ha dado en garantía de una deuda, y después que el acreedor hipotecario ha adquirido la propiedad en una subasta, considerarlo como fiduciario en beneficio del deudor sería permitir que el deudor hipotecario se beneficiara de su propia falta. Al acreedor hipotecario no puede hacérsele responsable de tener un título en la propiedad, toda vez que nuestro estatuto niega la idea de un título en el acreedor. El hecho de que pueda pagar las contribuciones y recobrar las mismas mediante ejecución, no le obliga a hacerlo, ni la adquisición en una subasta crea relación alguna de confianza entre él y el deudor. 'Los principios envueltos en relación con transacciones entre el fiduciario y el fideicomisario, tal como han sido adoptados por las cortes de equidad, no son aplicables. La dependenciá, y el deber de proteger no están envueltos en esta relación, y las partes pueden negociar sujetas solamente a los principios corrientes.' ''

El caso de *Cancel* v. *Registrador,* 15 D.P.R. 486 que invoca el registrador no tiene el alcance que le atribuye. En él se presentó en el registro un certificado de venta de una finca en pública subasta a favor de José Antonio Ríos, que contenía al dorso un acta notarial creditiva de que Pascasio Cancel, en concepto de acreedor hipotecario, había redimido la finca mediante entrega al comprador Ríos de lo por él satisfecho.

El registrador denegó la inscripción porque habiendo sido redimida la finca por Cancel en concepto de acreedor hipotecario, su derecho estaba limitado a acumular a su crédito el dinero pagado.

No conforme Cancel acudió a esta Corte Suprema, la que con vista de las constancias del registro traídas al recurso a virtud de un auto para mejor proveer, se expresó como sigue:

''. . . si nosotros creyésemos que Cancel· llevó su título al Registrador con el propósito de que se inscribiese a su favor el dominio

de la finca por él redimida con el carácter de acreedor hipotecario, entonces tendríamos que estar conformes con la nota denegatoria. . .

"Pero nos parece que el intento fué otro, limitado al derecho que le otorga la Ley de Rentas aprobada en 14 de marzo de 1907. Leyes de este año página 330.

.        .        .        .        .

"Pensando así creemos que el propósito de Cancel fué obtener una anotación en su crédito hipotecario, haciéndose constar que éste se ha aumentado en ciento cinco dóllars cincuenta centavos que fué la cantidad pagada por la propiedad redimida con el interés al mismo tipo de su crédito hipotecario, cancelándose también la anotación del embargo que por el remate de la finca en cobro de contribuciones, se haya hecho.

"Esto es lo que creemos procedente para garantía de ese nuevo derecho de Cancel y por eso debe revocarse la nota denegatoria del Registrador de la Propiedad de Arecibo, quien procederá a inscribir en la forma adecuada la ampliación del crédito hipotecario según el título presentado."

Como puede verse, en ese caso el acreedor ejercitó el derecho de redención mientras que aquí sostiene que no acudió a la subasta como acreedor, sino como ciudadano particular.

Resuelto el primer error en el sentido de que debe inscribirse el certificado de venta presentado en el registro, como tal, bastará decir en cuanto al segundo que es evidente que no cabe inscribirlo como ampliación de hipoteca.

El tercer error señalado se refiere al defecto subsanable. Argumentando el señalamiento el recurrente dice:

"De acuerdo con el Código Político, en las ventas que se hacen para satisfacer las contribuciones que adeuden las fincas el único requisito previo que hay que llenar es la anotación del embargo de acuerdo con el artículo 340 del mencionado Código Político, cuya anotación se llevó a efecto el 16 de febrero de 1933 y una vez verificada la venta de la propiedad embargada lo único que tiene que hacer el colector es expedir un certificado de compra de bienes inmuebles que contenga todos los requisitos exigidos por el Código Político y no se necesita aceptación de ese contrato por el adquirente ni documento aparte, porque el haber comparecido a la subasta, haber hecho postura y pagado el precio implica una aceptación

del contrato de compraventa aparte de que el Código Político no exige que exista tal aceptación.''

Tiene razón a nuestro juicio.

*Por virtud de todo lo expuesto, debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*