RAMÓN GELABERT, demandante y apelado, *v.* JUANA CANDELARIA, demandada y apelante.

No. 7178.—*Sometido:* Marzo 30, 1936. *Resuelto:* Abril 3, 1936.

*Luis Mercader,* abogado de la apelante; *A. Cadilla Ginorio* y *M. Santoni Ledesma,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción de desahucio iniciada por Ramón Gelabert contra Juana Candelaria, quien según se alega, viene detentando una finca urbana, que se describe en la demanda, sin el consentimiento y contra la voluntad del demandante y sin pagar canon ni merced alguna.

En la contestación se alega que la demandada posee la finca objeto de este litigio como dueña de ella en unión de su esposo, Manuel Cruz, y la familia de ambos, quienes desde su adquisición en junio de 1926, la disfrutan como hogar seguro, derecho que no han abandonado, cedido ni renunciado en forma alguna; que la demandada, por sí y como apoderada de su esposo, hipotecó la finca descrita a los esposos Pedro Gelabert y Mariana D. Elías, padres del actor; que dicha finca fué rematada por falta en el pago de contribuciones, y que el demandante se la hizo adjudicar como único postor a su nombre y para beneficio de su señora madre y la sucesión de Pedro Gelabert, logrando inscribir a su nombre el título nulo e ineficaz como adquirente y haciendo cancelar el gravamen hipotecario de referencia. Se alega además que allá para el 1928 el esposo de la demandada, Manuel Cruz, se ausentó temporalmente para Estados Unidos, con intención de regresar al hogar que tenía constituído como *homestead* en unión de su familia, y que nunca fué notificado del remate referido ni de la presente acción.

La corte inferior declaró con lugar la demanda, y habiéndose establecido recurso de apelación por la parte demandada, comparece ahora el demandante solicitando que se desestime por frívolo el recurso interpuesto.

La corte inferior, luego de oída la prueba, declaró probados los siguientes hechos:

"Que los esposos Manuel Cruz y Juana Candelaria eran dueños de la finca urbana objeto de este pleito, la cual hipotecaron a los esposos Pedro Gelabert y Mariana D. Elías para responder a un préstamo de quinientos dólares.

"Que adeudando las contribuciones correspondientes a dicha finca por los años 1928–29, 1929–30, y 1930–31, el Colector de Rentas Internas de Arecibo sacó a público remate la propiedad el día 8 de agosto de 1932, compareciendo Ramón Gelabert como único postor, a quien se adjudicó por el importe de las contribuciones adeudadas y a quien se expidió el correspondiente certificado de venta el día 11 de octubre de 1932, que inscribió en el Registro de la Propiedad correspondiente.

"Que habiendo embarcado hacia Estados Unidos Manuel Cruz, Juana Candelaria quedó ocupando la casa y la ha seguido ocupando después de haber sido adjudicada al actor a virtud del procedimiento de remate por falta de pago de las contribuciones.

"Que el demandante ha requerido a la demandada desde hace algún tiempo para desalojar y dejar a su libre disposición la finca de referencia y ésta no sólo no la ha desocupado, sino que se niega a ello."

De la opinión emitida por la corte inferior copiamos lo siguiente:

"El demandante ha demostrado tener un título otorgádole por el Tesorero de Puerto Rico a virtud del remate que de la finca se practicó. Para establecer el presunto conflicto de títulos, la demandada ataca de nulidad el del actor. ¿Puede entrarse a considerar en un procedimiento sumario de la naturaleza del desahucio si el título aducido por el demandante está viciado de nulidad? A nuestro juicio, no. Al resolver el caso de León v. Alvarado, nuestro Tribunal Supremo se expresó así:

" 'En cuanto al segundo, el hecho de que el apelante ha pedido la nulidad del juicio que produjo la venta y adjudicación de la casa no es motivo para declarar que León Lugo no tenga un título suficiente para obtener sentencia favorable en un juicio por desahucio porque mientras no se anule el juicio y la venta, es válido el título del demandante, seguirá siendo el dueño y como tal tiene derecho a que el apelante desocupe la casa en cuestión. Declarar que la reclamación de nulidad de un título impide ejercitar los derechos que del mismo dimanan equivaldría a resolver en el juicio de desahucio que dicho título adolece de los vicios en que se basa la nulidad pretendida, cuestión ésta que no puede ser apreciada ni resolverse en un juicio sumario y especial como es el de desahucio en el que sólo se trata del derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella.' *León* v. *Alvarado,* 24 D.P.R. 700.

"En el caso que nos ocupa se ataca el título del demandante, pero, a pesar de que la finca fué rematada el día 8 de agosto de 1932, la demandada ni ha solicitado la redención de la finca, ni se ha ocupado de pedir la nulidad del remate y pretende, ahora, que en un procedimiento sumario como el presente se resuelva que el título del demandante es nulo. Tal cosa como hemos visto, no puede resolverse colateralmente dentro de un procedimiento de desahucio.

''La segunda contención de la demandada se basa en tener establecido su hogar seguro en la finca de la cual se trata de desalojarla.

''Aunque fuera cierto que la demandada hubiera tenido su *homestead* en la finca de referencia, el hecho de haber sido vendida por el pago de las contribuciones enervó de tal manera el derecho de la señora Candelaria, y su marido, que ahora no pueden reclamarlo en este procedimiento. De acuerdo con el artículo 541 del Código Civil vigente, todo jefe de familia, que la tenga, tendrá derecho a una finca de hogar seguro hasta el valor de quinientos dólares y tal hogar seguro estará exento de embargo, sentencia. o ejecución, con excepción de los tres casos siguientes: 1, las contribuciones que adeudare, 2, el valor de la compra de dicha propiedad y 3, la responsabilidad incurrida por mejoras que se hicieren en la misma. Si la finca fué vendida para pago de contribuciones, o sea, dentro de una de las excepciones reconocidas por la propia ley de *homestead*, es obvio que la demandada carece ahora de personalidad para reclamar del adjudicatario en el remate le reconozca su derecho al hogar seguro.

''Por tales consideraciones esta Corte es de opinión que en este caso procede se dicte una sentencia declarando con lugar la demanda, y en su consecuencia, condenando a la demandada a que en el término de quince días desaloje y deje a la libre disposición del demandante la finca descrita en la demanda bajo apercibimiento de que de no desalojarla en el término prescrito se decretará su lanzamiento; y se impone el pago de las costas a la demandada, pero sin incluir honorarios de abogado.''

Hemos examinado cuidadosamente el alegato radicado por la parte apelante y creemos que el presente recurso debe ser desestimado, confirmándose la sentencia apelada. El primer error atribuído a la corte sentenciadora consiste en haberse admitido como prueba, con la oposición de la demandada, el certificado del Colector de Rentas de Arecibo, adjudicando al demandante la finca objeto del desahucio. La parte apelante alega que el certificado dice que se notificó la venta a Manuel Cruz y a su esposa Juana Candelaria como dueños, pero que del mismo documento surge que Manuel Cruz reside en là ciudad de Nueva York. Esto no excluye la posibilidad de que hubiese sido debidamente notificado. En el certificado de venta se dice que según lo dis-

pone el artículo 315 del Código Político de Puerto Rico se notificó de la venta a Manuel Cruz y a Juana Candelaria como dueños, y a Mariana D. Elías como acreedora hipotecaria, todos los cuales aparecen con interés en el remate. Prima facie el referido documento contiene todos los requisitos exigidos por la ley. De acuerdo con el Código Político este certificado de compra constituye título absoluto de la propiedad a favor del comprador, cuando no se ha ejercitado el derecho de redención dentro del tiempo prescrito por la ley y será evidencia prima facie de los hechos relatados en el mismo en cualquier controversia, procedimiento o pleito que envuelva o concierna los derechos del comprador.

A nuestro juicio, en este caso no es necesario acudir a la jurisprudencia citada por el tribunal juzgador, para sostener la sentencia apelada. La demandada no ofreció prueba alguna para contradecir los hechos relatados en el certificado de compra, limitándose a decir que su esposo se trasladó a Nueva York sin que desde entonces haya regresado a Puerto Rico. Aún en la hipótesis de que la demandada pudiese impugnar en este procedimiento sumario el título del demandante, la verdad es que no hay en los autos un principio de prueba que impugne la validez del título mencionado. Esta única razón sería bastante para confirmar la sentencia apelada.

El segundo error se basa en haberse negado la corte a admitir cierta prueba cuya admisión no hubiese afectado en modo alguno la cuestión en controversia. La demandada no tomó excepción de la resolución de la corte.

El tercer error se basa en que la corte no permitió que la demandada interrogase al demandante sobre el conocimiento pleno de ser condueño de la hipoteca en la finca rematada. Este supuesto error carece de importancia, si se tiene en cuenta que la única prueba ofrecida por la demandada para acreditar la constitución de la hipoteca a favor de Pedro Gelabert y Mariana D. Elías es una certificación del

registro de la propiedad donde, lejos de hacerse constar que los acreedores hipotecarios se hubiesen comprometido a pagar las contribuciones del inmueble hipotecado, se dice que los dueños de dicho inmueble se comprometen a pagar cualquier contribución que en el futuro se imponga al crédito hipotecario. Véase el caso de *Orcasitas* v. *Registrador*, 49 D.P.R. 111.

El cuarto error se basa en haber sostenido la corte que el demandante es dueño de la finca subastada y que la demandada está allí sin derecho de hogar seguro. Este señalamiento de error no tiene mérito alguno, porque la finca fué adjudicada al demandante en un procedimiento de apremio para el cobro de contribuciones.

*A nuestro juicio el recurso ejercitado es claramente frívolo y debe ser desestimado.*