PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ BELTRÁN ORTIZ, Defendant and Appellant.

No. 6756.   Argued January 11, 1938.—Decided January 28, 1938.

538

Celestino Iriarte, F. Fernández Cuyar and H. González Blanes for appellant. R. A. Gómez, Prosecuting Attorney, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On April 8, 1936, the District Attorney of Bayamón filed an information against José Beltrán Ortiz, Charging him with the offense of carrying a prohibited weapon and on the 14th of January 1937, the defendant was found guilty of the charge and sentenced by the district court to three months in jail.

Beltrán Ortiz appealed to this court on the very day of the sentence, and eight days thereafter applied for the benefit of poverty (forma pauperis) in the prosecution of his appeal, petitioning at the same time that the stenographer be ordered to prepare the transcript of evidence without demanding fees.

The stenographer opposed this on the ground that the appellant, together with one Elías Soto, owned a bazaar at No. 35 Las Delicias Street, in Bayamón, and that the appellant had engaged four attorneys to defend him and had discussed the payment of the costs of the record with the stenographer in case he should need it.

On January 29, 1937, the defendant, by his attorneys, moved to have the "two papers" presented by the stenographer stricken out on the ground that the latter was not a lawyer nor the person authorized to apply for the flat dis-

missal of his petition, alleging in addition to this that the free services rendered by the stenographer are not personal but for the State which pays his salary, such employee having "no other alternative but to comply with the orders of the court" and having no authority to appear in the case to offer reasons why he should not obey such orders. He cited the case of *Berríos* v. *Garáu,* 44 P.R.R. 753 and also maintained that the opposition was without merit because it does not necessarily follow from the fact that the defendant had a bazaar that he could pay for the transcript, nor from the fact that he engaged four lawyers, citing the case of *People* v. *Ramos,* 48 P.R.R. 205. It was further stated that the discussion had between the stenographer and the defendant with regard to the payment of the transcript lacks importance under the case of *People* v. *Lawton et al.,* 46 P.R.R. 178.

On February 8, 1937, the motion of the defendant invoking the benefit of poverty came on to be heard. Defendant did not appear and the court denied the motion on the following day.

On February 10, the defendant asked for a new hearing alleging that his attorney had not been notified until that same day of the setting which for the eighth had been made on the third. The clerk was called upon to inform the court and he stated that the notice of the setting for the eighth had been deposited in the mail on the third, addressed to Attorney Celestino Iriarte, and that on the ninth a notice of the order refusing the benefit of *forma pauperis* was sent to him by the same route.

The defendant on the 19th of February, answered by his Attorney González Blanes that he had sent a letter to the clerk of the district court begging him to address all notices with regard to the incident of poverty to him and not to Mr. Iriarte, and six days later prayed that the court accept two sworn declarations in connection with his motion for a new hearing. By said declarations José Cintrón and Elías Sotomayor assert that the defendant owns no worldly possessions.

On March 3 the court issued two orders, one in which, after reciting the above facts it denies the petition for a new hearing, and another by which the defendant's motion of February 24, 1937, seeking an extension of thirty days to file the transcript of the evidence is denied.

We have already stated that on January 22, 1937, the defendant moved for an order to have the stenographer prepare the transcript of the record on appeal, free of charge. Thereafter, on the following February 24, he filed a motion to extend the original term within which to present the transcript of evidence by 30 days inasmuch as the stenographer had not yet prepared it, and on March 6, 1937, he filed another motion "seeking some sort of decisions on the application for the transcript of evidence filed on January 22, 1937." On March 11, 1937, the court rendered the following decision:

"The first motion was denied by orders of February 9 and March 3, 1937, to which reference may be had; and the decision on the second motion lacked all practical purpose because it was based 'on the benefit of poverty conferred' which was fictitious because no order to that effect had been issued.

"No decision can be handed down, as the defendant requests, on his motion regarding the transcript of evidence because at the time on which the same was filed no application for the benefit of poverty had been granted which was the basis of defendant's motion to have the stenographer ordered to prepare the transcript of evidence, nor has it yet been granted but on the contrary, denied by order of March 3, 1937, which may be consulted."

On March 20, 1937, the defendant appealed from both, the order of February 9, 1937, by which the benefit of poverty was denied and from the order of March 3, 1937, denying the new hearing requested for the purpose of presenting evidence to establish defendant's state of poverty.

At this stage the defendant took another appeal on March 27, 1937, from the judgment in the case of carrying a prohited weapon and in order to perfect his appeal, on April 3 filed a motion to have the court order the stenographer to

prepare the transcript of record in accordance with Act No. 4 of April 18, 1925, (Laws, (1) p. 109).

On the same April 3 the court decided the motion as follows:

"On reading the above motion it is ordered that the court stenographer prepare the transcript of evidence herein applied for within the term and manner provided by law."

The stenographer then requested the defendant to deposit his fees amounting to two hundred dollars within a term of twenty days, and twelve days thereafter the defendant filed a new application for permission to litigate *in forma pauperis* which was denied on April 19, 1937, in the following terms:

"Considering the notice of appeal filed by the defendant on March 20, 1937, appealing from the order of this court of February 9, 1937, which denied the application of the defendant for permission to prosecute his appeal *in forma pauperis,* and considering the notice of appeal filed on the same date appealing from our decision of March 3, 1937, with regard to the same question as well as our orders of February 9, 1937, March 3, 1937, another of the same date, and that of March 11, 1937, the motion filed by the defendant on April 15, 1937, seeking permission to prosecute his appeal *in forma pauperis* is hereby denied."

On April 19 defendant moved for an extension of 30 days within which to have the transcript of record prepared by the stenographer. The court heard the stenographer who alleged that he had not prepared the transcript because neither the defendant nor his attorney had deposited the amount of its cost, citing subdivision (*b*) of rule 30 of the court. On April 26, 1937, pursuant to the rule cited by the stenographer and considering the facts before it, the court denied the motion. On the following May 21, the defendant filed his appeal from the above denial.

All that we have stated appears from a certificate issued by the clerk of the District Court of Bayamón on August 13, 1937, and sent up by him to this Court as "the judgment roll in criminal case No. 2433 prosecuted by the People of

Puerto Rico against José Beltrán Ortiz for carrying a prohibited weapon, in the appeal taken by the defendant from the judgment rendered by this court, as well as·in the appeal taken from the decision of this court denying the defendant the benefit of prosecuting his appeal *in forma pauperis.*"

After the record had been filed in the office of the Secretary of this Supreme Court, two extensions of time for filing his brief were applied for by defendant. The brief was finally presented on October 2, 1937. This is how it commences:

"The record which has been sent up to this Hon. Court by the clerk of the District Court of Bayamón as the judgment roll, comprises several notices of appeal with regard to different orders. It may be said, however, that only one of these proceedings is of primary importance, for in considering it this Hon. Court must necessarily enter into a consideration and pass upon the correctness of the other orders appealed from and in its final decision, should this be favorable to the appellant and lest it become academic, this court should preserve those rights which were sought to be protected by the timely interposition of the various appeals taken. Thus facing the situation presented by the record which the clerk of the lower court remits to this Hon. Court and which includes several notices relating to different appeals taken within the same case and grouping them into one record, we make the order of May 19, 1937, the target of our brief. . . . "

Appellant recites the facts of the case,.assigns five errors, all relating to the order of April 19, 1937, argues them and closes his brief with the following prayer for relief—

" . . . that the order of the District Court of Bayamón of April 19, 1937, by which the defendant is denied the benefit of prosecuting *in forma pauperis,* the appeal filed in the lower court on March 28, 1937, be reversed so that the appellant may continue to prosecute his appeal from the judgment *in forma pauperis,* if upon due consideration of his application to litigate as a pauper, the same is found to be, as the appellant asserts it to be, meritorious, and that the lower court should always bear in mind that the sworn application and affidavits which accompany it establish, with regard to said

right of poverty, a prima facie case which to be destroyed requires the introduction of evidence to the contrary and the expression of 'meritorious reasons' which the judge should set forth in his denial.''

The hearing of the case was set for January 11.

On January 10, 1938, the Prosecuting Attorney of this Court filed two writings. The first states:

''1. That in the above case the District Court of Bayamón, Puerto Rico, sentenced the defendant, José Beltrán Ortiz, to three months in jail.

''2. That on May 19, 1937, the defendant therein appealed from said judgment to this Hon. Court without serving the notice of appeal on the Prosecuting Attorney of the District Court as is expressly provided by Section 350 of the Code of Criminal Procedure, for which reason this Hon. Court has never acquired jurisdiction over this appeal.''

And in the second he says:

''1. That in the above case the defendant, on May 19, 1937, filed a notice of appeal from (T. R. p. 54) the order of the lower court of April 19, 1937, denying the benefit of poverty invoked by the defendant in order to have the stenographer prepare the transcript of evidence *in forma pauperis*.

''2. That said notice of appeal was not served upon the Prosecuting Attorney of the District as expressly provided by Section 350 of the Code of Criminal Procedure, nor on the court stenographer, who is the party that may be adversely affected by a reversal of the holding and who appeared at all times in the lower court to contest the plaintiff's claim, for which reason this court has not acquired jurisdiction to consider the appeal.''

In opposition the defendant alleged that the prosecuting attorney has no authority to represent the stenographer and that the latter is not a necessary party to the proceeding who must me notified.

The hearing on the motions to dismiss was also set for the instant January 11, on which day there appeared the defendant by his attorney and also the prosecuting attorney. The defendant presented two affidavits, one by Jorge A. Salas, stenographer to the prosecuting attorney and another

by the clerk of the District Court of Bayamón, asserting that on May 21, 1937, they served a copy of the notice of appeal filed with the court on that day on the stenographer Lucas Nazario. Three days were granted to the prosecuting attorney for the presentation of counter-affidavits and within that term he filed one by stenographer Nazario wherein the latter denied that he had ever been served with the notice of appeal of May 21. Service on the District Attorney was accepted.

We have related all the facts in order to have them better in mind and understand them.

There is no longer any question but that the notice of appeal from the order of April 19, 1937, was served on the District Attorney. The evidence as to whether it was served on the stenographer is conflicting. We decide the conflict in favor of the existence of service giving credit to the affidavit of the clerk of the court which asserts that such service was made.

■ The prosecuting attorney's second motion to dismiss should therefore be denied and so should the first because it is based on a fact unsupported by the record. It was not on May 19, 1937, that the appeal against the judgment in the criminal case was taken. The two appeals filed by the defendant against said judgment were dated January 14 and March 27, 1937, respectively, the latter relying on the cases of *Flores* v. *District Court,* 49 D.P.R. 118, and *Pearson* v. *District Court,* decided by Mr. Justice Travieso, acting in vacation, on September 17, 1936 (Certiorari No. 69).

■ Having disposed of the motions to dismiss, let us consider the merits of the appeal taken from the order of April 19, 1937.

We are acquainted with its reasoning. In order to deny the benefit prayed for the court relied on its prior holding and upon the existence of the appeals taken against the orders already issued.

The defendant did not expressly waive those appeals, but it is a fact that when he filed a new appeal and, in order to prosecute it, presented a new motion to litigate as a pauper, he did implicitly abandon his former positions, and the court could have granted him another opportunity to show that he was indeed entitled to the benefit which he petitioned.

When the second notice of appeal had been filed and he asked the court five days later to issue an order to have the stenographer prepare the transcript of evidence, the court acceded. It is true that the defendant did not request that the stenographer prepare the transcript free of charge and that is was not until the fifteenth of April that he filed his second application to litigate in forma pauperis, but it is also true that the new course had been opened and the court should have acted on the new application as it had acted on the new appeal.

We have examined the new application as well as the affidavits which accompany it, and in our opinion they present a prima facie case for the defendant. Nevertheless, if the court was not thereby convinced of defendant's state of poverty, it could have set a hearing to try the question with more certainty and assuredness allowing the introduction of evidence as to the fact in issue by both the defendant and the stenographer, who is an interested party to the incident, inasmuch as his right to fees depends on the decision of the court.

Therefore; the order of April 19, 1937, should be reversed, and the case remanded to the district court of origin for further proceedings according to law.

Having arrived at this conclusion and as there exists a possibility that the record may be completed with the transcript of evidence prepared by the stenographer, we do not deem it fair (justo) to decide the appeal from the judgment of January 14, 1937, on the sole basis of the record now before this court. In view of this, the prosecution of the appeal against said judgment is suspended until March 31, 1938,

which we consider a reasonably sufficient term to settle the issue as to the benefit of litigating *in forma pauperis,* and the subsequent preparation of the transcript should it be granted.

Mr. Justice Córdova Dávila took no part in the decision of this case.