RAÚL COLÓN TORRES, Plaintiff and Appellant, *v.* MARÍA LUISA COLÓN DE GARCÍA ET AL., Defendants and Appellees.

No. 7346. Argued January 15, 1937.—Decided March 5, 1937.

96

*Raúl Colón Torres* in his own behalf and *Luis Venegas Cortés* for appellant. *Agustín E. Font* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In November 1911, María Luisa Colón Alvarez and María Isabel Colón y Alvarez conveyed to Rafael Colón y Alvarez an undivided interest in a certain house and lot for a consideration acknowledged to have been received before the date of the deed. This deed was executed before the notary Tomás Castillo León. On the following day Rafael Colón conveyed the house and lot to Doña Francisca Castaing y Soto for $2,000 paid by the purchaser in the presence of the notary. Doña Francisca Castaing agreed to reconvey the property on repayment of the purchase price within two years. It was further agreed that Rafael Colón should remain in possession of the property at a monthly rental of $20 subject to an accelerating clause in the event of failure to pay three months' rent. In October 1919, Doña Francisca Castaing conveyed the property to José Luis Vendrell y Valdivieso. In April 1921, Vendrell conveyed the property to María Luisa Colón Alvarez for $2,800 of which amount $800 was acknowledged to have been received before the date of the deed, the balance being secured by a mortgage. In April 1926, Doña María Luisa Colón Alvarez and her husband conveyed the property to Rafael Colón Alvarez for $2,500. The instrument recites that Rafael Colón paid $500 in cash in the presence of the notary Felipe Colón Díaz and retained

the balance for the purpose of satisfying the mortgage. In September 1931, Rafael Colón Alvarez transferred the property to his son Raúl Colón Torres for $3,000, of which $500 was acknowledged to have been received prior to the execution of the deed. In November 1934, Raúl Colón Torres transferred the property to the Heirs of Francisco María Franceschi in payment of a mortgage. In June 1935, the Heirs of Franceschi reconveyed the property to Raúl Colón Torres for a consideration of $2,732.32. The instrument recites payment of $2,000 in cash in the presence of the notary and Raúl Colón executed a mortgage to secure the balance. He then brought the present action of unlawful detainer against María Isabel Colón widow of García and Isabel Colón Alvarez as tenants at will.

Defendants answered as follows:

"(1) We deny the only fact alleged in the complaint. We allege, on the contrary, that the property described in said complaint belonged undividedly to the defendants and to their brother, Rafael Colón Alvarez, until April 24, 1926, at which date, Rafael Colón Alvarez, through deceitful means, induced the co-defendant, María Luisa Colón, and her husband, to execute a public deed transferring to him said property under the pretense that he needed the property for certain business, and in that fraudulent and deceitful manner, and without there being any consideration or price paid, obtained title in his favor, which title he transferred later to his son, in fraud of the defendants, and that said Rafael Colón Alvarez and his son, Raúl Colón Torres, maliciously and with a common design, transferred said property to the estate of Francisco María Franceschi. And the defendants further allege that the estate of Francisco María Franceschi agreed with the defendants that as soon as the property should be transferred to it, they would transfer it to the defendants in consideration of payment of the sum owed by said property; but, contrary to the agreement made, and acting maliciously, the estate of Francisco María Franceschi, pursuant to an agreement made with Rafael Colón Alvarez and Raúl Colón Torres, agreed that Rafael Colón Alvarez would make a simulated conveyance of said property to Raúl Colón Torres, so that the latter would transfer it to the estate of Francisco María Franceschi, in payment of a debt owed to the estate, and, it is alleged said deed of sale by Rafael Colón

Alvarez to Raúl Colón Torres is simulated and fraudulent, because there was no consideration or price paid. And it is further alleged that all said acts were made by and agreed to between, the estate of Francisco María Franceschi and said persons, with the purpose of having said estate expel the defendants from the house, and then, after having done this, the estate would transfer the property to Raúl Colón Torres. That, acting pursuant to what has been already said, the estate of Francisco María Franceschi, filed the civil action, No. 9440, of unlawful detainer which is still pending before this very same District Court of Ponce. And the defendants further allege that at the present time they are still occupying part of the property described in the complaint, as co-owners of the same, by inheritance, their brother, Rafael Colón Alvarez, occupying another part of said property, that is, the bakery, and that Rafael Colón Alvarez has leased said bakery, and receives, for his own and exclusive benefit, the monthly rental. And the defendants further allege that the estate of Francisco María Franceschi, acting maliciously and pursuant to an agreement with Rafael Colón Alvarez and Raúl Colón Torres, have agreed to purchase the property described in the complaint under the condition of ousting the defendants from said property, and then transferring it to Raúl Colón Torres, all this having been done maliciously and with the purpose of defrauding the defendants of their rights. And the defendants further allege that the deed of sale by Rafael Colón Alvarez to Raúl Colón Torres and the conveyance made by Raúl Colón Torres to the estate of Francisco María Franceschi, and the sale by the estate of Francisco María Franceschi to Raúl Colón Torres, are simulated, false and fraudulent, made with the only purpose of depriving the defendants of a legitimate right, a conflict of title resulting thus from the facts.

"SPECIAL DEFENSES.—First Special Defense.—As a first special defense the defendants allege that they own undividedly, by title of inheritance, the property described in the only fact alleged in the complaint, each of them owning a third part of the property.

"Second Special Defense.—That the plaintiff, Raúl Colón Torres, has no title to the property described in the complaint, because the deeds of conveyance are void, inasmuch as they were simulated and were made with the common purpose of defrauding the rights of defendants herein.

"Third Special Defense.—The defendants allege that the civil action number 9440, of unlawful detainer, brought by the estate of Francisco María Franceschi against María Luisa Colón, widow of

García, and against Isabel Colón, is pending before this District Court, and that the same property claimed by plaintiff as his own is involved in that action.

"Fourth Special Defense.—As a fourth special defense the defendants allege that the civil action number 10,154, of unlawful detainer, brought by plaintiff herein, Raúl Colón Torres, against the same defendants, María Luisa Colón, widow of García and Isabel Colón Alvarez, was brought before and decided by, this District Court of Ponce, this Court having dismissed the action, and hence this new action brought by the same plaintiff against the same defendants and involving the same property, is *res judicata*.

"Fifth Special Defense.—The defendants allege that each of them, separately, has established her homestead right over the premises described in the only fact alleged in the complaint, each of them being a head of a family. Said homestead right has not been waived expressly by either of the defendants herein, either separately or jointly, in any of the transactions involving the premises described in the complaint. Nor have defendants abandoned said premises, in any of the transactions involving said property.

"WHEREFORE, the defendants respectfully pray this Hon. Court that, in due course and after all legal steps have been taken, it render a judgment in favor of the defendants and against the plaintiff, with the following conclusions:

" (1) Dismissing the complaint due to the existence of a conflict of titles which should be decided in a plenary suit.

" (2) Holding and recognizing that each of the defendants herein, as a head of a family, has homestead rights in the house described in the complaint. And ordering the plaintiff, Raúl Colón Torres, to pay the sum of Five Hundred Dollars ($500) to each of the defendants herein, in case he desires to take possession of the property involved in this suit.

" (3) Ordering the plaintiff, Raúl Colón Torres, to pay the costs, expenses and attorney's fees caused by this suit."

Some thirty grounds of appeal are grouped under four heads in the assignment of errors as (*a*) Immateriality (*b*) The Defense of Homestead (*c*) The Improper Manner in which evidence was admitted and (*d*) Errors committed in rendering judgment.

The contention with reference to the first and second groups is that all of the evidence for the defense was

immaterial. The contention with reference to the fourth group as far as six of the eight errors specified therein are concerned, is that the court erred in taking into consideration the evidence designated as immaterial in the first and second groups. The theory of these two contentions is that defendants, in an unlawful detainer proceeding, cannot question the validity of plaintiff's title as fraudulent when that title is evidenced by public instrument executed in due form and recorded in the registry of property. In this connection appellant relies on the decision by the Supreme Court of Spain dated September 27, 1905; *León Lugo* v. *Alvarado,* 24 P.R.R. 654; *Ortiz* v. *Aguayo,* 26 P.R.R. 668, and an extract from the opinion of the district judge quoted by this court in *Gelabert* v. *Candelaria,* 49 P.R.R. ____.

In the first of these four cases there was no claim of ownership on the part of the defendant in the unlawful detainer proceeding. He sought a rescission of the conveyance because it had been executed in order to defraud him of his rights as a creditor of the vendor.

In the second, León Lugo, in an action brought by him against Alvarado, had acquired the property in question as purchaser at an execution sale. This court said:

"As to the second error, the fact that the appellant has moved to set aside the judgment in the action in which the sale and conveyance of the house was made, is no ground for holding that León Lugo's title is not sufficient to support a judgment in his favor in an action of unlawful detainer, for until the judgment and sale are set aside the plaintiff's title is good and he will continue to be the owner and as such may compel the appellant to vacate the house in question. To hold that attacking the validity of a title prevents the exercise of the rights arising therefrom would be tantamount to deciding in an action of unlawful detainer that said title contains the defects on which its alleged nullity is based, and this is a question that cannot be considered or decided in a summary and special proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to evict the person in actual possession is considered."

The opinions in the third and fourth of these cases speak for themselves.

See also *Dávila* v. *Sotomayor*, 35 P.R.R. 726, and the decision of the Supreme Court of Spain dated April 8, 1914, 130 *Jur. Civ.* 45.

The theory of all such cases is that the plaintiff, in an unlawful detainer proceeding, who exhibits a title, valid until invalidated, has the right to immediate possession pending a judicial determination in some other action, of any question as to the validity of his title. The doctrine of such cases is inapplicable when the defendant, in an unlawful detainer proceeding, is in possession under a claim of ownership, alleges facts sufficient to show the absolute nullity of plaintiff's title, and adduces evidence enough to indicate that his defense is not a pretext. See *Huertas* v. *Rosario*, 50 P.R.R. 346 and *Martínez* v. *Figueroa*, case number 7404, decided on February 18, 1937.

For the purposes of this opinion it may be conceded that, as far as the Heirs of Franceschi are concerned, there was practically no evidence of fraud or conspiracy or knowledge as to the simulated character of previous conveyances. If the Heirs of Franceschi had not reconveyed the property to Raúl. Colón they might have been entitled, as plaintiffs in an unlawful detainer proceeding, to the protection of section 34 of the Mortgage Law, notwithstanding the alleged absolute nullity of the conveyances by Doña María Luisa Colón Alvarez to Rafael Colón Alvarez in April 1926. The Heirs of Franceschi, however, are not plaintiffs in the present action.

The evidence for defendants establishes a *prima facie* case as to the simulated character of the conveyance by Doña María Luisa Alvarez to Rafael Colón. It is a fair inference from the close family relationship and from other facts established by the evidence that Raúl Colón was aware of the simulated character of the conveyance by his aunt to his father. If he had knowledge of this fact, he cannot take shelter behind the provision of section 34 of the Mortgage

Law; . If the conveyance by Doña María to her brother Rafael was a simulated conveyance, it was an absolute nullity. It would follow, of course, that the conveyance by Rafael to Raúl was also an absolute nullity. *González Rodríguez* v. *Fumero*, 38 P.R.R. 497; Judgment of the Supreme Court of Spain dated November 30, 1909; *German Savings and Loan Soc.* v. *De Lashmutt et al.*, 67 Fed. 399; 8 C. J. 1149 and *Del Río* v. *Sastre*, 9 P.R.R. 174.

The district judge did not err in admitting evidence tending to show the absolute nullity of plaintiff's title nor in taking into consideration this evidence in rendering judgment.

■ The district judge admitted certain evidence provisionally for what it was worth and took under advisement the question as to its admissibility. Ordinarily the better practice is to decide questions of evidence as presented but, in the absence of any showing as to prejudice, the error, if any, is not sufficient ground for reversal.

■ The district judge in the course of his "statement of the case and opinion" said:

"After examining all the documentary evidence in connection with the testimony which has been already substantially outlined, the court arrives at the conclusion that in this case, and as between the plaintiff and the defendants, there are questions of law which are more or less disputable, inasmuch as the defendants allege that they occupy part of the premises involved as co-owners, being such by title of inheritance, and this contention is not unsupported by the evidence; and hence this action of unlawful detainer should not be granted, the parties being left to adjudicate their respective rights in the corresponding ordinary suit, under the doctrine constantly established by the Supreme Court of Puerto Rico in several cases, among which we may cite the following: *Del Valle* v. *Andreu*, 11 P.R.R. 398; *Mehrhof* v. *Rodríguez*, 14 P.R.R. 56; *Elzaburu* v. *Chaves*, 15 P.R.R. 16; *Torres* v. *Pérez*, 18 P.R.R. 557; *Andino* v. *Canales*, 27 P.R.R. 262; *Hernández Martínez* v. *Padilla*, 35 P.R.R. 469; *Ermita del Rosario* v. *Collazo*, 41 P.R.R. 594."

Appellant bases three of his contentions on this statement. It was substantially correct. Any inaccuracy or inadequacy of expression in the references to "more or less controvertible questions of law" and to "title by inheritance" was not reversible error. The case of *Hernández Martínez v. Padilla*, 35 P.R.R. 469 was not dissimilar. The fact that this and other cases cited by the district judge are more or less distinguishable does not render the doctrine thereof (especially since it has been supplemented by the doctrine of *Huertas v. Rosario* and *Martínez v. Figueroa, supra*) inapplicable to the case at bar.

In any event, the evidence as a whole raised a real issue as to the absolute nullity of plaintiff's title and was therefore enough to justify the judgment of dismissal. Hence, we need not consider the question of homestead.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.