ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RAFAEL CARRASQUILLO MARTÍNEZ<br><br>Demandante - Peticionario<br><br>v.<br><br>NORMA ROSALINA LORENZI MESORANA, MARITZA LUISA LORENZI MESORANA, ambas por sí y como componentes de la Sucesión de PEDRO RAMÓN LORENZI MESORANA; Sucesión de ANA NORMA MESORANA BOIX: compuesta por Norma Rosalina, Maritza Luisa, y Pedro Ramón, todos apellidos Lorenzi Mesorana; Sucesión PEDRO ÁNGEL LORENZI ROSSY: compuesta por Norma Rosalina, Maritza Luisa, y Pedro Ramón, todos apellidos Lorenzi Mesorana<br><br>Demandada – Recurrido | KLCE202400799 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil Núm.: GB2021CV00237 (101)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de julio de 2024.

El Tribunal de Primera Instancia ("TPI") concedió solo algunas de unas partidas reclamadas como costas. Según se explica en detalle a continuación, en el ejercicio de nuestra discreción, hemos

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202300127 y KLAN202400616).

determinado declinar la invitación del peticionario a intervenir con la decisión recurrida.

I.

En marzo de 2021, el Sr. Rafael Carrasquillo Martínez (el "Abogado") presentó, por derecho propio, la acción de referencia, sobre cobro de dinero (la "Demanda"), bajo el procedimiento establecido en la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60, contra dos hermanas: Sa. Norma Lorenzi Mesorana ("Hermana en Puerto Rico") y Sa. Maritza Lorenzi Mesorana t/c/c Maritza Rodríguez ("Hermana en California") (ambas, las "Hermanas"), por sí y como miembros de la sucesión del hermano de estas, Pedro R. Lorenzi Mesorana (el "Causante"), y de las sucesiones de sus padres: la Sa. Norma Mesorana Boix y el Sr. Pedro Lorenzi Rossy.

El Abogado alegó que, el 24 de marzo de 2014, fue contratado como abogado por el Causante mediante un contrato de servicios profesionales. Explicó que, en mayo de 2014, originó una factura por los servicios profesionales ofrecidos hasta ese momento. No obstante, el Causante falleció en octubre de ese mismo año y el Abogado no pudo cobrar la factura. El Abogado alegó que las Hermanas eran las únicas herederas del Causante. Añadió que las gestiones de cobro extrajudiciales con las Hermanas resultaron infructuosas, razón por la cual planteó que estas le adeudaban $1,544.00, más las costas, gastos y $500.00 de honorarios.

El 23 de junio, la Hermana en California compareció por derecho propio y mediante un correo electrónico denominado *"Moción Urgente"*. Explicó que vivía en el estado de California y que no podía comparecer personalmente a los procedimientos. En cuanto a la deuda reclamada por el Abogado, **afirmó que interesaba hacerse cargo de la deuda de manera electrónica y así evitar cargos adicionales**.

Transcurridos algunos trámites procesales, el 14 de julio, el Abogado presentó una *Moción Informativa y Notificando Corrección Electrónica*. El Abogado destacó que la Hermana en Puerto Rico no atendió sus cartas de cobro, ni había comparecido al pleito. Por otro lado, el Abogado sostuvo que logró comunicarse con la Hermana en California y que esta no tuvo reparo en una estipulación para transar por su propuesta.

El 28 de julio, el Abogado incoó una *Moción Informativa, en Cumplimiento de Orden y Solicitando Anotación de Rebeldía a Demandadas*. Explicó que intentó, sin éxito, notificarle la Demanda y la Notificación de Citación a la Hermana en Puerto Rico por correo certificado a dos direcciones distintas, la postal y la residencial, por lo cual se encontraba en rebeldía. En cuanto a la Hermana en California, sostuvo que esta también se encontraba en rebeldía porque, a pesar de que compareció por derecho propio al pleito, no contestó oportunamente la Demanda.

Con fecha de 5 de agosto, la Hermana en California presentó por derecho propio una misiva en la cual **informó que interesaba liquidar la reclamación de $1,544.00** con la aprobación del TPI. Explicó que rechazaba pagar intereses sobre dicha suma por el tiempo transcurrido, debido a que el Abogado no fue diligente en reclamar la suma supuestamente adeudada cuando supo de la muerte del Causante en octubre de 2014. Aunque reconoció que el Abogado no quería negociar la cantidad del pago, reiteró que estaba dispuesta a pagar la deuda que no era suya para cerrar el caso.

Al cabo de algunos incidentes procesales, el 14 de octubre, el TPI emitió una *Resolución y Orden* en la cual convirtió el proceso en uno ordinario y ordenó el emplazamiento por edicto de las Hermanas. Cónsono con lo anterior, emitió una *Orden sobre Emplazamiento por Edicto*. Del récord se desprende que el edicto fue publicado en el periódico El Vocero el 3 de noviembre de 2021.

El 20 de enero de 2022, el TPI denegó la solicitud de anotación de rebeldía.

El 22 de febrero, la Hermana en Puerto Rico compareció ante el TPI, representada por abogado. Mediante una *Moción Respondiendo a Orden del Tribunal*, la Hermana en Puerto Rico negó que estuviera renuente a ser emplazada o atender las órdenes del TPI. Informó que padecía de múltiples problemas de salud que limitaban su movilidad y por eso la dificultad en recibir las cartas y notificaciones previas. **Añadió que interesaba pagar y dar por terminado el pleito de referencia**, a pesar de que el Causante "su hermano al morir NO dejó absolutamente nada y nada heredaron sus hermanas de él". **Ofreció la suma de $2,500.00, mediante cheque o giro postal**. En la alternativa, de ser rechazada su oferta, solicitó un desglose que acreditara de manera fehaciente las partidas solicitadas por el Abogado y el depósito de $400.00 que el Causante le dio al Abogado.

El 28 de marzo, la Hermana en Puerto Rico presentó una *Moción de Consignación Pago de Factura por Servicios Legales*. En esencia, **presentó un cheque por la suma de $1,544.00 para ser consignado** a beneficio del Abogado y dar por terminado el caso. Añadió que el Abogado a su entender no acreditó las partidas reclamadas, ni acreditó los $400.00 por concepto de *retainer fee* al momento de la firma del contrato de servicios profesionales entre el Causante y el Abogado.

El 31 de marzo, el TPI le concedió al Abogado un término de diez (10) días para que informara si aceptaba el dinero consignado para dar por resuelta la controversia. **El 4 de abril, el Abogado incoó un escrito mediante el cual rechazó la oferta de los $1,544.00 consignados**.

El 28 de abril, la Hermana en Puerto Rico presentó una *Moción Respondiendo a Orden del Tribunal y Contestación a Moción de la*

*Parte Demandante.* De entrada, solicitó autorización para retirar los fondos consignados en vista del rechazo del Abogado a la oferta[2]. Asimismo, consignó sus defensas, respuestas y alegaciones ante la reclamación del Abogado.

El 18 de mayo, el TPI ordenó el comienzo del descubrimiento de prueba y el cumplimiento con las Reglas 37 y 37.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 37 y 37.1. El 1 de agosto, el Abogado notificó al TPI que le había cursado a las Hermanas un interrogatorio y un requerimiento de admisiones.

Luego de varios trámites adicionales, el TPI notificó una sentencia el 29 de abril de 2024 (la "Sentencia"), la cual ya advino final y firme. En la Sentencia se consigna que, **en septiembre de 2023, las Hermanas consignaron la cantidad de $2,280.00**, "correspondiente a $1,544.00 de principal", más intereses y $113.00 por concepto de costas. El TPI concluyó, por tanto, que la causa de acción se había tornado académica. A su vez, el TPI le ordenó a las Hermanas satisfacer un pago adicional, por $244.97, por concepto de unas costas reclamadas por el Abogado en un Memorando de Costas de 10 de abril de 2023 (el "Primer Memorando").

El TPI también determinó que las Hermanas **no** habían incurrido en temeridad y que, "por el contrario, desde el año 2022 manifestaron su intención de resolver la controversia, y así lo establecieron al consignar la totalidad de la deuda".

Mediante el Primer Memorando, el Abogado principalmente reclamó por gastos relacionados con la apelación a este Tribunal de una sentencia anterior dictada por el TPI en el caso. En el Primer Memorando, se reclamaron $255.97. Presumiblemente, en la Sentencia, el TPI ordenó que se pagaran $244.97 por dicho foro haber excluido la cuantía de $11.00 reclamada por "sellos de rentas

---

[2] El 3 de junio, el TPI decretó la devolución del dinero consignado en el TPI a la Hermana en Puerto Rico.

internas cancelados en copia certificada de documentos Secretaría del Tribunal de Guaynabo".

Destacamos que, en la Sentencia, el TPI aceptó, como parte de esta reclamación de costas, dos partidas, ascendentes a **$94.95**, que, como veremos, **no** son compensables como costas en este caso: $4.50 por tres pagos de "estacionamiento" y $90.45 por "gastos en 603 copias reproducidas en las bibliotecas del Tribunal Supremo y de la UPR, en relación [con] investigación y análisis [de] Reglas de Procedimiento Civil vigentes, Código civil vigente, Código Enjuiciamiento Civil vigente, Cánones de Ética de la Abogacía y la jurisprudencia puertorriqueña".

Mientras tanto, el 8 de mayo, el Abogado presentó otro Memorando de Costas (el "Segundo Memorando"). Reclamó un total adicional de costas ascendente a $757.30.

El TPI, mediante una Resolución notificada el 21 de mayo (la "Resolución"), aprobó el pago de $420.33 de las partidas reclamadas en el Segundo Memorando, correspondientes al pago de sellos por la presentación de la Demanda, al pago a un emplazador por un diligenciamiento negativo y al pago a un periódico por la publicación del emplazamiento por edicto.

El 5 de junio, el Abogado solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 24 de junio.

Inconforme, el 17 de julio, el Abogado presentó el recurso que nos ocupa. Plantea que el TPI debió aprobar las demás partidas incluidas en el Segundo Memorando, las cuales son, en resumen: (a) $255.15 por "copias" en dos bibliotecas relacionadas con investigación jurídica (partidas "J" y "K"); (b) $19.70 por "sellos rentas internas pagado a Secretaría por copias certificadas" (partida "E"); (c) $7.82  por el costo de envío a las Hermanas de cierto descubrimiento de prueba (partida "I"); (d) $8.56 por costo de envío

de una solicitud de renuncia a emplazamiento formal (partida "H"); (e) $6.85 por costo de envío de reclamación extrajudicial, antes de someterse la Demanda (partida "B"); y (f) $38.89, por costo de envío de dos notificaciones de citaciones a señalamientos judiciales (partidas "C" y "D"). Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari*. Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

Como norma general, la imposición de las costas y los honorarios de abogados se rige por lo dispuesto en la Regla 44.1 de las de Procedimiento Civil. En lo atinente, esta establece:

(a) *Su concesión.-* Las costas serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.-* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del pleito o procedimiento. [...] Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. [...]

(c) *En etapa apelativa.-* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso ante el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. [...]

Cuando se revoque la sentencia del Tribunal de Primera Instancia la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo.

(d) [...] 32 LPRA Ap. V, R. 44.1.

Esta regla cumple los propósitos de: a) restituir los gastos necesarios y razonables que una parte incurrió para hacer valer su derecho al ser obligada a litigar; y b) penalizar la litigación inmeritoria, temeraria, o viciosa. *Rosario Domínguez v. ELA,* 198

DPR 197, 212 (2017). Claro está, previo a imponer costas, es necesaria la presentación oportuna de un memorando de costas, detallando los gastos incurridos. *Íd.* No todos los gastos que se incurren durante la tramitación de un litigio se reconocen como recobrables. *Comisionado v. Presidenta,* 166 DPR 513, 518 (2005); *Garriga v. Tribunal,* 88 DPR 245, 256-257 (1963).

Para fines de la Regla 44.1(a), *supra,* son recobrables aquellos gastos incurridos necesariamente en la tramitación del pleito. *JTP Development Corp. v. Majestic Realty Corp.,* 130 DPR 456, 460 (1992). Así, quedan excluidos aquellos gastos innecesarios, superfluos o extravagantes. **El tribunal tiene amplia discreción para evaluar la razonabilidad y necesidad de los gastos detallados**. *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880, 935 (2012). Esta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso. Ahora bien, ante una reclamación razonable, la imposición de costas a favor de la parte prevaleciente resulta mandatoria. *Íd,* a la pág. 934. **Los tribunales revisores no intervendrán con la discreción del TPI, a menos que se demuestre que dicho foro cometió un abuso de discreción**. *Andino Nieves v. A.A.A.,* 123 DPR 712, 719 (1989).

IV.

Considerada la totalidad del récord de este caso, hemos concluido que no está presente situación alguna que amerite nuestra intervención.

En cuanto a las partidas reclamadas por fotocopias en bibliotecas, relacionadas con investigación jurídica, ello no es recobrable como costas. La investigación jurídica es una "función del abogado no recobrable como costas". *Andino Nieves v. A.A.A.,* 123 DPR 712, 718 (1989).

En cuanto a los costos de envío de descubrimiento de prueba, reclamaciones extrajudiciales y solicitudes de renuncia a emplazamiento, también se trata de "gastos de oficina generales" y, por tanto, no son recobrables como costas. *Íd.* En efecto, la norma es que no son incluibles como costas "los gastos ordinarios de las oficinas de los abogados … tales como sellos de correo". *Andino Nieves*, 123 DPR a la pág. 716.

Tampoco procedía en este caso la partida por unas supuestas copias certificadas en el TPI. El Abogado no fundamentó adecuadamente esta solicitud, pues no explicó qué copias solicitó ni por qué las mismas eran necesarias para conducir el litigio. Ello era particularmente necesario en un caso como este en el cual no existe expediente físico, pues el mismo se tramita a través de SUMAC. En cualquier caso, este tipo de gasto correspondería también a un gasto general de oficina, no recobrable como costas.

Finalmente, en cuanto a las notificaciones de vistas judiciales, aun de considerarse que su costo de envío podría ser recobrable como costas, lo cual no está claro, la realidad es que, en este caso, el Abogado de todas maneras habría recobrado más costas de las que realmente tenía derecho a recobrar, por lo cual no procede que intervengamos con la Resolución. Adviértase que, por esta partida, se reclamaron menos de $40, mientras que ya el TPI, mediante una sentencia final y firme, erróneamente le concedió al Abogado más de $90 por fotocopias relacionadas con investigación jurídica, lo cual, como señalamos arriba, no es recobrable como costas, y por estacionamiento, lo cual tampoco era recobrable, por ser un gasto general de oficina.

En fin, a la luz de los factores enumerados en la Regla 40, *supra*, no procede que intervengamos con la Resolución.

## V.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones